F. R. ALLEN, RESPONDENT, *v.* UNION PACIFIC
RAILWAY COMPANY, APPELLANT.

EVIDENCE.—EXPERT WITNESS.—CONCLUSION.—Where the plaintiff,
after testifying to the manner in which he was injured, in a
suit for damages for personal injury, is asked the question:
"State whether or not, in your opinion as an expert railroad
man, if the car from which you fell had been thoroughly
examined at certain places by the defendant through its proper
employés the defect of the round which gave way would have
been discovered," and is permitted to answer, such ruling is
error, as permitting the expert to make his own facts upon
which to base his opinion.

MASTER AND SERVANT.— NEGLIGENCE.— REASONABLE CARE.— The
duty of the master toward the servant is to use reasonable care
in furnishing safe machinery, and an instruction requiring
that the duty of the master to furnish safe machinery is
absolute, is erroneous.

ID.—ID.—DEFECTIVE MACHINERY.—PROOF OF NEGLIGENCE.—An
instruction which assumes that plaintiff can recover if injured
by defective machinery where he was not in fault, without
proof of negligence on the part of the defendant, is erroneous.

APPEAL from a judgment of the district court of
the first district, and from an order denying a motion
for a new trial.

There are other portions of the charge not stated in
the opinion, which are as follows: At the outset the
court instructed the jury "that negligence is not to be
presumed, but must be affirmatively proven by the party
alleging it, and in the manner alleged in the declaration
in the case; and in this case the burden is upon the
plaintiff to show that the defendant is entirely responsible
for the injury to the plaintiff by reason of and in con-

sequence of the neglect charged in the declaration." Also: "Now I instruct you, subject to such modifications as I may make hereafter to these and other instructions already given. I instruct you first that it was the duty of the defendant to furnish, provide and maintain sufficient, safe, adequate and suitable machinery and cars for the use of the plaintiff, and the failure to do so would be negligeuce on the part of the defendant; second, an employé of a railroad company does not assume the risk of imperfect material furnished him by his employer. It is the duty of the employer to exercise ordinary diligence, care and attention to furnish safe material and machinery; third, if you find that the defendant company, through a failure to exercise ordinary care and attention, furnished a defective or unsafe ladder upon a car to be used in the prosecution of its work, and the plaintiff, ignorant of such imperfectness and otherwise without fault, was injured thereby, the defendant company would be negligent."

*Mr. Parley L. Williams,* for the appellant.

*Mr. L. R. Rogers* and *Messrs. Smith and Smith,* for the respondent.

ZANE, C. J.:

This is an appeal from a judgment of the district court held at Ogden. The plaintiff was employed by defendant as a brakeman on one of its freight trains, and while ascending a ladder on a car which it was hauling for another company a step gave way, and he fell to the ground, and the fingers of one of his hands were crushed under a wheel. The car was an old one; one witness stated that it was not an "exceedingly old car, and yet it was not a new one." It appears from the evidence that the wood around the screw that held one end of

the round was rotten, and that the weight of the plaintiff pulled it out; that the round was fastened to the car in the ordinary way. The evidence fails to show that the defect could have been discovered by inspection without the application of manual or other physical force; and we do not think that the inspectors were required to apply such tests to the steps of the ladder, unless some indication of weakness or a defect was perceived upon a careful inspection in the ordinary way by the eye. Undoubtedly the company was required to make use of all reasonable means to discover defects that might endanger human life, not only in its own cars, but in such as it was hauling that belonged to other companies as well. The defect that caused the injury was not in the round or in the screws that held it; the wood of the car into which the screw reached had become unsound. On the trial of the case plaintiff's counsel asked him the following questions: "State whether or not, in your opinion, as an expert railroad man, if the car from which you fell had been thoroughly examined at Omaha, Green River, or Evanston by the defendant through its proper employés, the defect of the round which gave way would have been discovered."

The defendant interposed an objection to the question which the court overruled, and the witness answered: "Yes, sir." To this ruling of the court the defendant excepted, and now assigns as error. The witness was not asked to express an opinion on conceded facts or upon facts proven or on facts enumerated in an hypothetical question. The rule as to expert testimony has been stated thus: "On questions of science, skill, or trade, or others of the like kind, persons of skill sometimes called 'experts,' may not only testify to facts, but are permitted to give their opinions in evidence.   *   *   *   And

such opinions are admissible in evidence, though the wit-
ness founds them, not on his own personal observation,
but on the case itself as proved by the witnesses on the
trial. But, where scientific men are called as witnesses,
they cannot give their own opinion as to the general
weight of the case, but only their opinions upon the
facts proved. And if the facts are doubtful, and remain
to be found by the jury, it has been held improper to
ask an expert, who has heard the evidence, what is his
opinion upon the case on trial, though he may be asked
his opinion upon a similar case hypothetically stated."
1 Greenl. Ev. (14th Ed.) § 440. Because the defect was
not discovered, the inference is that the witness inferred
that the car had not been thoroughly examined; or, in
other words, he was of the opinion that the inspectors
were negligent because they did not find the defect that
caused the injury. The witness may have understood
that a thorough examination included the application of
force to each round to determine whether it could be
easily pulled off of the car. When the facts from which
an expert is to draw an inference, and express it as an
opinion, are conceded or satisfactorily proven, the expert
may enumerate them, or they may be enumerated for
him, and he can draw his inference from them, and
express it as his opinion. If the facts upon which the
opinion of the expert is asked are doubtful, they must be
embraced in an hypothetical question. In overruling the
objection to the question above quoted, and in permitting
the witness to answer it, we are of the opinion that the
court erred.

The defendant excepted to the following portion of
the charge of the court to the jury: "Now, as requested
by plaintiff, I instruct you, subject to such modifications
as I may make hereafter to these and the other instruc-

tions already given.  I instruct you, first, that it was the duty of the defendant to furnish, provide, and maintain sufficient, safe, adequate, and suitable machinery and cars for the use of the plaintiff, and the failure to do so would be negligence on the part of the defendant." In this the court instructed the jury that the defendant was negligent if it did not furnish sufficient, safe, and adequate cars; that though the defect which caused the injury was hidden, and could not be discovered by a competent inspector in the use of all reasonable care and diligence, the defendant was still negligent.  The company is not liable, because it does not discover all defects in such cars of other companies as come onto its road that may produce injury, but only such as should have been discovered by reasonable skill and diligence.  The defendant also excepted to and assigns as error the giving by the court of the following portion of the charge: "It was the duty of the defendant to use due care, and provide a ladder by which the plaintiff was to perform the work for which he was employed safe for his use, and to keep the ladder in repair and good order, so as not to unnecessarily expose the plaintiff to danger; and when the defendant does this, as I have stated, the plaintiff then assumes the risks and dangers incident to the employment in which he is engaged."

Now the question comes, could the defendant, by the use of ordinary care, have learned of the defective condition of the ladder in question a reasonable time before the injury?  If the defendant could have learned these facts, then it is chargeable with notice of its defective condition at the time of the injury, which would amount to negligence; and if the plaintiff was injured as claimed, by reason of such defective ladder, while in the performance of his duty as an employé of the defendant, and without his fault or negligence, or without knowledge on his

part of the defective condition of the ladder, then he is entitled to recover for the injury sued for in this case, and charged in his complaint. Or, under the same circumstances just stated, if the plaintiff did not know the car in question was a foreign car (or knew it was a foreign car, but did not know of any rule of the defendant for dispensing with the inspection thereof by defendant's inspectors, or that there was a rule of such kind by the defendant company), then he would have a right to expect the ladder to be in a reasonably safe condition at the time, and if injured by the defects complained of and without negligence on his part, then he would be entitled to recover as heretofore explained." The objection · to this extract from the charge is that the jury might understand it to mean that the plaintiff should recover if he was injured in consequence of the defective ladder, without negligence on his part, without proof of negligence on the part of the defendant. The burden is upon the plaintiff of proving that the injury complained of was caused by the negligence of the defendant. We are of the opinion that the court erred in this portion of its charge. The judgment of the court below is reversed.

ANDERSON, J., and BLACKBURN, J., concurred.