GEORGE HARRISON, RESPONDENT, v. DENVER AND
RIO GRANDE WESTERN RAILWAY COMPANY,
APPELLANT.

MASTER AND SERVANT.—NEGLIGENCE.—INSUFFICIENT MATERIAL.—
In a suit for personal injury where an employé was ordered
and urged by his foreman to do certain work in taking down
shafting and the work was to be done at night, and insufficient
lights were furnished, and the tackling used was insufficient;
*held,* that this showed *prima facie* negligence in the defendant.

ID.—CONTRIBUTORY NEGLIGENCE.—DANGER NOT APPARENT.—Where
the work ordered to be done is not obviously dangerous, nor of
such a nature that the servant can see that it cannot be per-
formed with safety, or where it is such that reasonable and pru-
dent persons might have a difference of opinion about the
danger, the servant has a right to rely upon the master's
judgment.

EVIDENCE.—SUIT FOR PERSONAL INJURY.—SUBSEQUENT REFUSAL OF
WORK.—Where the plaintiff in a suit for personal injury is
allowed to show that after the injury he was refused work by
the defendant, the plaintiff claiming at the time that he would
follow it up by testimony showing that it was on account of
his injury that he was refused work, and plaintiff fails to so
follow up the testimony; *held,* that the admission of the testi-
mony or the failure afterwards to exclude it, was error.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial.
The opinion states the facts.

*Messrs. Bennett, Marshall and Bradley,* for the appellant.

*Mr. Joseph L. Rawlins,* for the respondent.

BLACKBURN, J.:

This suit was brought by respondent for personal injuries received while in the employ of the defendant company. The evidence shows that he was engaged as a helper in the machine-shop, and had been for several years. His foreman directed him to assist in taking down some shafting in the blacksmith shop and adjoining building. He did not work in that building. This work was to be done after regular working hours. He said he was tired and did not want to work extra hours, but he was urged by his foreman, and consented. It was dark when the work was to be done, and the negligence charged on the company which caused the injury was the want of sufficient light to handle the machinery and do the work with safety and success. It is also claimed that the tackle used in lowering the shafting was insufficient for the purpose. The plaintiff was standing on a platform about fourteen feet from the floor, and was pushing the shafting so that it would miss the hangings, and the tackle slipped off the other end, and the end he was at was thrown up, and injured him severely, so that up to the commencement of the trial he was unable to do full work, and the testimony was conflicting as to whether his injuries were permanent. The jury found for the plaintiff, and assessed his damages at $4,000. Motion was made for a new trial, and overruled, and this appeal was taken.

1. It is contended by defendant that the evidence was insufficient to sustain the judgment. It clearly shows that the lights were not sufficient to enable the work to be done with success and safety. A witness for the defendant says the accident would probably not have happened if there had been sufficient light to do the work. The lights furnished were individual lamps, and not enough of them. All these questions were fairly

and fully submitted to the jury. The instructions given were justified by the testimony, and stated the law correctly, and those refused ought to have been refused. Therefore this contention is not well taken.

2. The defendant insists that the plaintiff knew the lights were insufficient before he undertook to do the work, and it was contributory negligence on his part to proceed with the work when it was extra hazardous. The court instructed the jury on that subject as follows: "It is the primary duty of the servant to obey the orders of his master, within the scope of his employment; and when the work ordered to be done is not obviously dangerous, or of such a nature that the servant can see that it cannot be performed with safety, or about which there can be a difference of opinion in the minds of reasonable and prudent persons, then the servant is not, at the peril of being discharged, bound to set up his judgment against that of his master. The servant has a right to rely upon it that the master has taken reasonable precaution for his safety, under such circumstances that the work may be done without extra hazard or peril to himself." We think this instruction states the law correctly. An employé is not usually in condition to abandon his employment for slight reason; for out of employment means often out of bread and meat for his family, and he will take unusual and hazardous risks to keep his place, and no employer ought to put him to the choice of peril or loss of employment.

3. The defendant contends the damages are excessive. The jury was properly instructed in the measure of damages, and the evidence as to the extent and permanency of the injury was somewhat conflicting. The estimation of damages is peculiarly within the province of the jury, and we cannot say that it was influenced by prejudice or passion in fixing the damages at the amount it did.

4. Another contention of appellant is that improper testimony was allowed to go to the jury, that may have and probably did influence its verdict. The testimony complained of is as follows: By plaintiff: " Question. You may state whether or not you attempted to renew your services to this company. Mr. Marshall: We object as immaterial, and ask to strike it out. The Court: Well, he sought employment again after the injury, and he had recovered,—I think he may state that. (Exception by defense.) Answer. Yes, sir; I was unable to perform the labor I had been performing prior to the injury, and I am not now able to do so, and have not been since the injury. I am not able to do the same kind of work, nor the amount of work, I was able to do before. As soon as I start to work it seems to affect my head. I start to get giddy. I called upon Mr. Smith, defendant's master mechanic, after this time, six weeks or two months after the injury. My condition at that time as to being able to work was poor, but still was able to do some. Q. Did you call upon Mr. Bancroft and inform him of your condition? Mr. Marshall: I object to that as immaterial. The Court: For what purpose do you offer that? Mr. Rawlins: I offer it for this purpose: I expect to follow it up by showing that Mr. Bancroft was general superintendent of the defendant company, and that plaintiff applied to him some four or six weeks after receiving the injury, explained to him his condition at that time, and asked for such employment as he was able to do, and Mr. Bancroft declined to give him any employment by reason of his condition. I ask that for the purpose of showing to the jury the real condition of plaintiff at that time. Mr. Marshall: We object to it as immaterial.. The Court: That he failed to give him employment at the time? Mr. Rawlins: Yes, sir. The Court: When you follow it up by that it may go in. Mr. Marshall:

Note an exception. Witness: Yes, I asked him. Mr. Bancroft was then acting as general superintendent of the defendant company. I found him in his office, and carried a message to him from S. C. Smith, the master mechanic of the company. Q. What did you say to Mr. Bancroft, if anything, in relation to your willingness to continue in the employment of the company? Mr. Marshall: We object as immaterial. The Court: He may answer that question. (Exception by defense.) Witness (continuing): He never offered me any employment. Q. I will ask you whether or not you were able at that time to obtain employment from the defendant company. Mr. Marshall: We object as immaterial, and I will state on that point his injuries were neither aggravated nor lessened whether or not he procured employment from the defendant company. The question is whether he was able to work. The Court: You offer it merely for the purpose of showing he was unable to get employment? Mr. Rawlins: Yes, sir. The Court: Well, he may answer that question. Mr. Marshall: Note an exception. Witness (continuing): Since that time I have been able to get some employment, but not able to do it. * * * "

The balance of the answer is long, and no question as to its materiality is raised. I have given this testimony as it appears in the record. The plaintiff did not follow it up by showing that he was refused work by the defendant company because of his condition. We think the testimony objected to was improper, and we cannot say as a matter of law that it was harmless. The defendant company was under no legal obligations to furnish the plaintiff work. It is only bound to make full compensation to him for the injury he has received. This testimony might, and perhaps did, influence the jury in estimating the damages. It did not tend to prove any of the issues involved in the case. It did not tend to

prove the negligence of the defendant company. It did not tend to prove care and precaution on the part of the plaintiff. It did not tend to prove how bad the plaintiff was hurt; nor was it any way proper to aid the jury in estimating the damages; and it may have prejudiced the jury against the defendant. Therefore it ought to have been excluded. For this reason the cause is reversed, and a new trial awarded. We find no other error in the record.

ANDERSON, J., and MINER, J., concurred.