JOSEPH HOLT, RESPONDENT, *v.* CHARLES E. PEARSON, APPELLANT.[1]

1. APPEAL.—SUFFICIENCY OF COMPLANT.—WAIVER OF OBJECTIONS.—Objection to the sufficiency of a complaint may be raised for the first time on appeal to the Supreme Court.

2. ID.—ID.—ID.—The complaint alleged that defendant represented to plaintiff that he was agent of the Probate Court for the collection of fees and expenses for procuring deeds· to certain lots in Bountiful Townsite; that the amount required was $42 per lot; that plaintiff was entitled to deeds for four lots and paid defendant $168; that defendant paid the Probate Court $20, returned to plaintiff $18 and retained $120, which he refuses to return. *Held*, that the complaint did not state facts sufficient to constitute a cause of action, inasmuch as there is no allegation that the price of the lots was the only expense involved and necessarily incurred, nor that defendant was entitled to no compensation for his services, nor that he failed to procure and deliver deeds as he had contracted to do, nor any other facts showing an improper or wrongful disposition or appropriation of the balance of the money defendant had received, nor that plaintiff ·is entitled to recover the same.

3. PLEADING.—PRESUMPTIONS AGAINST PLEADER.—A pleader is presumed to state his case as strongly as the facts will permit, and his case must be construed strongly against him. No intendments or presumptions can be indulged to help out a defective pleading.

4. CHARGE TO JURY. — APPLICABILITY TO ISSUE. — REVERSIBLE ERROR.—An instruction not responsive to any issue in the case, is reversible error, in that, it is calculated to mislead the jury and cause them improperly to consider, in making up their verdict, an issue not in the case.

(No. 580    Decided Aug. 31, 1895.    41 P. R. 561.)

---

[1] Rehearing granted November 6, 1895.   On rehearing this opinion was affirmed December 21, 1895.

Appeal from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge.*

Action by Joseph Holt against Charles E. Pearson. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Mr. M. M. Kaighn,* for appellant.

*Mr. R. D. Winters,* for respondent.

Merritt, C. J.:

This is an action brought by respondent against appellant to recover $1,218.75, which, it is alleged, was received by appellant from respondent and 21 other persons, who have assigned their claims to him, in excess of the necessary charges and expenses of obtaining deeds for some 40 lots of land situated in a boulevard, 12 rods in width, which surrounded the town of Bountiful, in Davis county, Utah territory. The amended complaint, on which the action was tried, sets forth that on or about the 22d day of May, 1891, defendant represented to plaintiff and others that he was the agent of the probate court of Davis county for the collection of fees and expenses for procuring deeds to certain lots in Bountiful town site, and that the amount required was $42 per lot; that plaintiff was the owner, and entitled to deeds for, four of said lots, and paid defendant $168 to procure deeds for the same; that defendant paid the probate court $20, and returned to plaintiff $18, and retains $120, which he refuses, after demand, to return to plaintiff. Twenty-one other similar causes of action are stated in the complaint, of persons claiming other lots, who, it is alleged, have assigned to plaintiff. Appellant, in his answer, denies that he represented that he was the agent of the probate court; that plaintiff, or any of his assignors, were owners of, or entitled to deeds of, the lots they claimed; that he withholds any money belonging to

said·claimants; that the expense of procuring deeds was only $5 per lot; or that any of said 21 claimants have assigned to plaintiff,—and alleges that he is a practicing attorney at law; that the land claimed was situated on a public boulevard or highway, and claimants, who owned land abutting on said highway, were illegally claiming part of said roadway; that he was employed by them, in his capacity as attorney, to procure deeds for them at a cost not to exceed $42 per lot; that he procured surveys to be made of said portions of land severally claimed by them in said highway; procured a relinquishment by the county court of said land as a highway; secured favorable action by, and procured deeds from, the probate court; paid all costs and expenses, and delivered said deeds to the said parties entitled thereto, and returned to them $4.50 per lot, of costs which he had overestimated and saved in fees of the probate court.

On the trial in the court below the judge gave, among other charges, the following: "(9) You are further instructed that there was no law in force, at the time of the giving of the deeds to plaintiff and his assignors, authorizing the probate judge to issue deeds under the town-site act, and if such deeds were given at that time they were given without authority of law. This is in reference to his authority as probate judge. There is a law by which the county court might agree or take steps to vacate a street, and they might appoint him as a committee, and in that way their agent to attend to such matter for them, as a county court; but the probate judge, as such, without such authority being delegated by the county court, could not so act." Appellant, among other things, alleges error in giving such charge, and claims in this court that the complaint does not state facts sufficient to constitute a cause of action, and that the same is not

sufficient to support a judgment. The charge of the court quoted above was not responsive to anything in issue in the case. There is no question of title, or sufficiency of the deeds, raised by the pleadings. The charge was therefore calculated to mislead the jury, and cause them improperly to consider, in making up their verdict, an issue not in the case. Instructions of the court should confine the attention of the jury to the issues made by the pleadings. *Torry* v. *Shively,* 64 Ind. 106; *Conlin* v. *Railroad Co.,* 36 Cal. 404; *Frederick* v. *Kinzer,* 17 Neb. 366, 22 N. W. 770; *Glass* v. *Gelvin,* 80 Mo. 297; Proff. Jury, §§ 313, 314. The charge was erroneous, and giving it was error.

The other objection is to the sufficiency of the complaint. The record is silent as to whether or not this point was raised in the court below, but it is a point that is never waived in any case, and may be taken for the first time in this court. On an examination it is difficult to apprehend on just what theory the pleader drew this complaint. It does not state a cause of action in fraud, for it contains no allegation of any fraudulent acts on the part of the defendant, nor that there was any false representations, menace, duress, or undue influence made or used to induce plaintiff or his assignors to enter into the contract with defendant, or to pay him money. There is an allegation that the defendant represented that he was agent of the probate court to do certain acts in the premises, but no allegations that said representation was false, or that plaintiff relied thereon, or that by reason thereof he was induced to enter into the contract with, or part with his money to, defendant, or was otherwise misled to his injury, nor even that plaintiff made promises which he did not perform. Neither does the complaint set forth facts showing a breach of contract by defendant, with resultant

damages to plaintiff. It perhaps comes nearer to the statement of a cause of action for money had and received by defendant to plaintiff's use, than of any other form of action. The allegation is "that defendant represented to plaintiff that the amount required for obtaining deeds from the probate court for the lots claimed by plaintiff was the sum of forty-two dollars per lot," and that plaintiff paid defendant that amount for that purpose. It does not allege that these representations were false, but only says "that the price of five dollars per lot was the actual amount required by the probate judge, and no more, for said deeds." Then follows the statement of a conclusion,—"that defendant was only authorized to collect said sum of five dollars per lot from plaintiff, and no more,"—and the statement that defendant has appropriated the balance, less $4.50 per lot returned, and refuses to pay same on demand by plaintiff. There is no allegation that the price of the lots was the only expense involved and necessarily incurred and paid by defendant in the matter of procuring the deeds, nor that he was entitled to no compensation for his services in the premises, nor any allegation that defendant had failed to procure and deliver deeds as he had contracted to do, nor of any other facts showing an improper or wrongful disposition or appropriation by defendant of the balance of the money he had received, and that plaintiff is entitled to recover same.

It seems clear that the allegations of the complaint fail to state a cause of action for money had and received. A pleader is presumed to state his case as strongly as the facts will permit, and his complaint must be construed strongly against him. No intendments or presumptions can be indulged to help out a defective pleading. We are of the opinion that this complaint does not state facts sufficient to constitute a cause of action, and that it is not sufficient to support a judgment. From the record it

clearly appears that appellant, acting as an attorney at law, and for an agreed compensation paid him, made contracts with respondent and his several assignors to procure deeds for them to sundry lots of land severally claimed by them, and that he faithfully and fully performed and carried out his contract.

As a decision of these points disposes of the case, it is not necessary to consider the sundry other allegations of error made by appellant. The judgment is reversed, and the cause remanded to the court below, with directions to enter judgment in favor of appellant, with costs.

SMITH, J., concurs.

KING, J. (concurring):

I am not satisfied that the instruction complained of was prejudicial error, but I agree with the views announced in the opinion upon the question of the sufficiency of the complaint, and therefore concur in the judgment.