WILLIS L. MANGUM, RESPONDENT, *v.* THE BULLION, BECK & CHAMPION MINING COMPANY, APPELLANT.

NEGLIGENCE—PERSONAL INJURY—DEFECTIVE MACHINERY—PLEADINGS—DAMAGES.

1. *Complaint—Sufficiency of.*

An objection to the complaint that it does not state a cause of action may be raised after verdict and judgment, though it was not interposed before or at the time of trial.

2. *Negligence—Gravamen of Action—Promise—Pleading.*

Where negligence is clearly the gravamen of an action, and matters are alleged in the complaint respecting a promise by an employer to repair defective machinery, merely to negative

any presumption to the effect that the plaintiff had assumed
the risk of the defective machinery by continuing in the em-
ployment, after its defect became known to him, the defend-
ant is not warranted in assuming at the trial that the plaintiff
based his right to recover on the promise to repair defects.

3. *Pleading—Construction of.*

Under section 3238, Comp. Laws Utah, 1888, the allegation of a
pleading, for the purpose of determining its effect, must be
liberally construed.

4. *Defective Machinery—Allegations Concerning—Sufficiency of—*
*Remedy.*

Where allegations in a pleading do not refer specifically to the
particular parts of the machinery which were defective, or
specify with exactness wherein it was operated carelessly, but
are such as would have been sufficient to resist a general de-
murrer before trial, they are sufficient to resist, after judg-
ment, an attack that the complaint did not state a cause of
action, the remedy in such case being by special demurrer, or
motion to make more definite and certain before trial.

5. *Same.*

It is only when the acts and things alleged are such that they
cannot constitute negligence under any possible state of facts
or circumstances which could be proved under the averments
in the complaint that the court will, after verdict and judg-
ment, say, as matter of law, that negligence was not suffi-
ciently pleaded.

6. *Same.*

Where the essential facts are alleged imperfectly, or too gener-
ally, or with such indefiniteness, uncertainty, or ambiguity as
to render the pleading objectionable on demurrer, such defects
will be cured by verdict.

7. *Same—Negligence.*

When negligence is alleged in general terms, it is sufficient to
withstand the objection, made after judgment, that the plead-
ing is indefinite, uncertain, imperfect, or ambiguous, however
inartificially the facts may be stated.

8. *Employer—Duty of—Servant—Recovery —Negligence—Question of*
*Fact.*

It is the duty of the employer to exercise ordinary and reason-
able care and diligence to obtain and furnish such machinery

as is reasonably safe, and reasonably well adapted to perform the work for which it is intended, and such as the servant may, with the exercise of ordinary prudence and care, use in the performance of his work with reasonable safety to himself; and, in a case of negligence, the question whether the employer performed his duty in this regard is one of fact for the jury to determine, and the court cannot say, as matter of law, that the employer was not negligent, and that the servant cannot recover, unless the record presents such a state of facts that all reasonable men must arrive at the same conclusion from a consideration of them.

9. *Evidence—Conflict—Preponderance—Damages.*

The appellate court, by virtue of section 9, art. 8, Const., is powerless, in cases at law, to consider the evidence to determine questions of fact, or, where there is conflict therein, to determine on which side the preponderance is, or whether the damages are excessive. In such cases it can consider the evidence only so far as may be necessary to determine questions of law.

10. *Negligence—Defective Machinery—Recovery.*

In an action for negligence against an employer to recover damages for injuries alleged to have been sustained by the servant because of the use of defective machinery, the mere fact that no witness was able to name with absolute certainty the exact mechanical defects which caused the occurrence will not bar a recovery, when the immediate [cause of the injury is clearly shown, and when it is shown that the employer's negligence caused the injury.

11. *Same—Employé—Assumption of Risk.*

Where an employé has knowledge of defects in machinery used in his employment, and the defects are not so dangerous as to threaten immediate injury, or the danger is not such as to be reasonably apprehended by him, his continuance in the service will not defeat a recovery for injuries resulting from such defects; but, if the defects are so obviously and immediately dangerous that a person of ordinary prudence and precaution would refuse to use the machinery, then, if the servant continues its use, he assumes the risk.

12. *Expert Witnesses—Testimony.*

Where a question, calling for an opinion, propounded to an

expert witness, is based on facts in evidence, although subject to criticism as to form, it is not prejudicial error for the court to permit it to be answered, if the subject be one as to which it is proper for an expert to give his opinion.

13. *Special Findings.*

Under section 3374, Comp. Laws Utah 1888, the matter of directing the jury, in suits for personal injuries, to make special findings, is within the discretion of the court.

(No. 832.    Decided Oct. 30, 1897.)

Appeal from the Fifth district court, Juab county. E. V. Higgins, *Judge.*

Action by Willis L. Mangum against Bullion, Beck and Champion Mining Company for injuries sustained in defendant's mine. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. C. Hall* and *H. J. Dinning,* for appellant.

There must not only be objection amounting to protest on the part of the servant, but that there was promise express or implied sufficient to induce the servant to remain, and upon which he acted.    Bailey on Master's Liability, 212, 213 and 214; *Ry. v. Watson,* 14 N. E. Rep. 721; *Ry. v. Watson,* 15 N. E. Rep. 874; *Sweeney v. Berlin,* 5 N. E. Rep. 358; *Prentiss v. Kent,* 30 N. W. Rep. 110; *Webber v. Piper,* 38 Hun 353; *Ry. v. Gildersleeve,* 33 Mich. Rep. 113; *Mfg. Co. v. Morrisey,* 40 Ohio St. Rep. 148; *Colo. Fuel Co. v. Cummings,* 46 Pac. Rep. 875-77.

This appeal is upon a bill of exceptions and statement upon motion for a new trial.    While the constitution provides that appeals in law cases shall be heard on the questions of law on appeal, our motion to direct a verdict and exception to the decision raises a question of law that the evidence must be examined to determine.

Also our exception to the overruling of our motion for a new trial, one of the grounds of the motion being that the verdict is not justified by the evidence. Our exception to that ruling brings up the evidence, and raises a question of law. *Anderson* v. *Daly Mine*, 49 Pac. Rep. 126; *Handley* v. *Daly Mine*, 49 Pac. Rep. 295; *White* v. *Peirce*, 49 Pac. Rep. 416; *Mader* v. *Taylor*, 49 Pac. Rep. 255; *Sanford* v. *Bell*, 48 N. W. Rep. 434, and Cal. cases cited.

The presumption of law is that the inspectors were competent, and if inspection is made with due care, jury cannot say it was not. *Lovell R. R.* v. *Bates*, 45 N. E. Rep. 108-11.

The law is that a recovery is only warranted when negligence is shown. Complaint must be made of the particular defect. Beach on Cont. Neg. 372; *Burlington R. R.* v. *Lehe*, 29 Pac. Rep. 176.

*Richards & Richards*, for respondent.

Bartch, J.:

The plaintiff brought this action to recover damages for personal injuries, which he claims he received because of the negligence of the defendant. The trial resulted in a verdict in his favor for $4,750, and judgment was entered accordingly. A motion for a new trial having been overruled, the defendant prosecuted its appeal to this court.

It is insisted for the appellant that the complaint fails to state a cause of action, either upon the ground of promise and inducement or negligence. No question was raised respecting the sufficiency of the complaint until after the trial, and entering of judgment; but that fact does not preclude the raising of this objection here, and its soundness must be determined by reference to the pleading. It is alleged substantially that on or about

the 28th of March, 1896, the plaintiff was, and for a long time previous thereto had been, in the employ of the defendant directing the loading and hoisting of ore in its mine; that on, and for some time prior to, that date "the defendant carelessly, negligently, and wantonly allowed the machinery connected with and used for the purpose of hoisting the cage in the shaft of its mine, and the said cage and appliances connected therewith, to become and remain in an unsafe and defective condition; that by the use of reasonable care and diligence the said defendant could have ascertained said unsafe and defective condition thereof, and then well knew of the same;" that on March 28, 1896, while the plaintiff, in the discharge of his duties, was being lowered in the cage to one of the levels of the mine, "by reason of the said carelessness and negligence of the defendant in allowing its machinery to so become unsafe and defective, and by reason of the defendant's careless and negligent operation thereof, this plaintiff, while so in the performance of his duties, and while exercising due care and diligence on his part, and under the promise of the defendant that the said defects in said machinery would be removed, and such negligent operation thereof discontinued, which promise had induced the plaintiff to continue in his said employment, he, the said plaintiff, was thrown down and bruised and severely injured by the violent and sudden stopping of the said cage." It is contended that in going to trial the defendant believed the plaintiff based his right to recover upon the promise to repair defects which induced him to remain in its employ, and that such was the theory of the complaint. The only portion of the complaint to which this contention can refer is the one last above quoted, and it contains no allegation which warrants such a belief. By transposition and omitting super-

fluous words, the charge is that, by reason of the careless-ness and negligence of the defendant in allowing its machinery to become unsafe and defective, and by reason of the defendant's careless and negligent operation thereof, the plaintiff was thrown down and bruised and severely injured by the violent and sudden stopping of the cage, while in the performance of his duties, and ex-ercising due care and diligence, and under the promise of the defendant that the defects of the machinery would be removed, and such negligent operation discontinued, which promise induced the plaintiff to continue in the employment. The charge is not that he was injured as a result of the promise, but by reason of the carelessness and negligence of the defendant, while he himself was in the exercise of due care and diligence. Negligence is clearly the gravamen of the action, and we think the matter respecting the promise was merely alleged to negative any presumption to the effect that the plaintiff had assumed the risk of the defective machinery by con-tinuing in the employment after its defect became known to him; but, however this may be, the complaint suffi-ciently states a cause of action, regardless of any promise, and none of the cases cited by counsel for the appellant, wherein a promise was the ground of action, apply here. Under our system, the allegations of a pleading, for the purpose of determining its effect, must be liberally construed, with a view to substantial justice between the parties. Comp. Laws Utah 1888, § 3238. Nor can the objection to the complaint that the allegations re-specting the defective machinery and its negligent oper-ation were in general terms avail the appellant. While these allegations do not refer specifically to the par-ticular parts of the machinery which were defective, or specify with exactness wherein the machinery was oper-

ated carelessly, still we are of the opinion that they would have been sufficient to resist a general demurrer before trial, if one had been interposed, and hence are sufficient to resist the attack that the complaint did not state a cause of action, made after verdict and judgment. If the facts were not stated with that certainty and definiteness which good pleading requires, the appellant's remedy was by special demurrer or motion to make more certain and definite. Having failed to file a proper demurrer or motion before trial, or to object to the introduction of testimony on these grounds at the trial, it waived the objections, and cannot now, after judgment, be heard to urge them, for the purpose of defeating the action. Moreover, it does not appear that the plaintiff had such exact knowledge of the machinery and its operation as would enable him to state just what particular parts were defective, or just wherein its operation was negligent. The general facts he could know, but the particular facts were more likely to be within the knowledge of the defendant, because of its duty to inspect the machinery and keep it in repair. In such case less particularity in stating the specific facts, or the acts or omissions which constitute negligence, is required. The complainant may know only the immediate cause of the injury, and may be unable to state the precise acts or things which caused it. If, therefore, the facts alleged show such an occurrence as is usually the sequence of carelessness or negligence, it is incumbent upon the opposite party to explain it, and show the exercise of proper care; and the court in such case will not say, as matter of law, that the complaint does not state a cause of action on the ground of negligence. It is only when the acts and things alleged are such that they cannot constitute negligence under any possible state of facts or circum-

stances which could be proved under the averments in the complaint that the court will, after verdict and judgment, say, as matter of law, that negligence was not sufficiently pleaded. Where the essential facts are alleged imperfectly, or too generally, or with such indefiniteness, uncertainty, or ambiguity as to render the pleading objectionable on demurrer, such defects will be cured by verdict; since it would be unreasonable to permit the opposite party to avail himself of these defects after putting his opponent to the expense of a trial. When, therefore, negligence is alleged in general terms, it is sufficient to withstand the objection, made after verdict and judgment, that the pleading is indefinite, uncertain, imperfect, or ambiguous, however inartificially the facts may be stated. Judge Story, in *Dobson* v. *Campbell*, 7 Fed. Cas. 783, said: "The general principle of law is that, where a matter is so essentially necessary to be proved to establish the plaintiff's right to recovery that the jury could not be presumed to have found a verdict for him unless it had been proved at the trial, there the omission to state that matter in express terms in the declaration is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend it." Such was also the doctrine of Lord Ellenborough in 1 Maule & S. 234, in which he stated that: "Where a matter is so essentially necessary to be proved that, had it not been given in evidence, the jury could not have given such a verdict, there the want of stating that matter in express terms in a declaration, provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by a verdict; and where a general allegation must, in fair construction, so far require to be restricted that no judge and no jury could have properly treated it in an unre-

strained sense, it may reasonably be presumed, after verdict, that it was so restrained at the trial." In *Sukeforth* v. *Lord,* 87 Cal. 399, Mr. Chief Justice Beatty said: "This proposition, that the failure to allege the particular facts constituting fraud, or estoppel, or other special defenses pleaded in general terms, may be waived by failure to demur or to object to the evidence offered at the trial, has been affirmed over and over again in a long series of cases running through our reports from the first column down to the case of *Hughes* v. *Wheeler,* 76 Cal. 230; Bliss, Code Pl. § 310, par. 3; Id. § 310*a*; 4 Enc. Pl. & Prac. 607; 28 Am. & Eng. Enc. Law 417 *et seq.*; 6 Enc. Pl. & Prac. 271-276, *et seq.*; *Cunningham* v. *Railway Co.,* 4 Utah 206; *Lee* v. *Figg,* 37 Cal. 335; *Voorhees* v. *Manti City,* 13 Utah 435; *Wimmer* v. *Simon,* 9 Utah 378; *Donellan* v. *Hardy,* 57 Ind. 393; *Rolseth* v. *Smith,* 38 Minn. 14; *Railway Co.* v. *Bates* (Ind. Sup.), 45 N. E. 108; *Hall* v. *Railway Co.,* 74 Mo. 298.

We are of the opinion that none of the objections to the complaint, under the circumstances of this case, are well taken. We are aware that the case of *Holt* v. *Pearson,* 12 Utah 63, announces a contrary doctrine, but we think it was decided against an overwhelming current of authority, and therefore overrule the same. It was disapproved in part in *Voorhees* v. *Manti City,* 13 Utah 435.

It is further insisted for the appellant that there was no evidence to support or justify the verdict, and that the court erred in refusing to instruct the jury to find for the defendant. This position cannot be upheld. We have seen that the complaint stated a cause of action on the ground of negligence, and under the evidence as it appears from the record the court would not have been justified in withdrawing the case from the consideration of the jury. It is shown that at the time of the accident

the respondent was in the discharge of his duties, and was in a cage, being lowered to one of the levels in appellant's mine, and that, while being so lowered, he was severely injured by the sudden stopping of the cage without notice or warning. The cage was running at the rate of 800 feet per half second. The testimony tends to show that the cage had become loose in the shoes; that there was more play than usual between the shoes and guides; that the space between the shoes of the cage and the guides was three-fourths of an inch, when there ought not to have been more than one-eighth to one-fourth of an inch; that at the time of the accident, and for some time prior thereto, the cage was rattling and shaking, and did not run smoothly; that the plaintiff called the attention of the defendant's agents to its condition,—to the fact that it was working loose in the guides,—and received the reply, from the superintendent of the mine, that they were going to change cables pretty soon, and then would try another cage; and that the guides had not been greased for some months before the accident. It appears the guides were on each side of the shaft, extending from top to bottom thereof, and the shoes are attached to the cage, and fit on each side of the guide, to slide up and down as the cage is hoisted or lowered by means of a cable, which is attached to the top of the cage. And to the cage are also attached safeties,—contrivances with teeth. When the cage is hanging on the cable, these safeties are kept away from the guides, but appear to be so arranged with chains, bolts, and other contrivances that when the cable breaks, or anything retards the motion of the cage so as to take its weight from the cable, they instantly operate, and fasten into the sides of the guides, and stop the cage. It further appears from the testimony that the play between the shoes and guides

had a tendency to loosen bolts, to shake the cage, and cause the cable to vibrate; and that any obstruction to the cage which would cause the cable to slacken, might cause the safeties to act on the guides. In the opinion of one of the expert witnesses it was the vibration of the rope—the cable—that caused the cage to stop on the occasion of the accident, and there is other expert testimony tending to show that such might have been the case. Without pursuing the evidence further in detail, it is manifest that the court properly refused to charge the jury to find for the defendant. *Railway Co.* v. *Novak*, 9 C. C. A. 629.

While the employer is not required to furnish machinery and appliances for the use of his servant which are absolutely safe, or to furnish the best which can possibly be obtained, still it is his duty to exercise ordinary and reasonable care and diligence to obtain and furnish such as are reasonably safe, and reasonably well adapted to perform the work for which they are intended, and such as the servant may, with the exercise of ordinary prudence and care, use in the performance of his work with reasonable safety to himself; and it is likewise the employer's duty to exercise reasonable care in operating the same, and to keep them in suitable condition and repair. Whether, in the case at bar, the defendant, as employer, performed its duty in these regards, or whether it was negligent in furnishing the machinery and appliances used by the injured servant, or in keeping them in suitable condition and repair, were questions of fact to be determined by the jury from all the circumstances surrounding the occurrence which caused the injury, and which were in evidence; and the record fails to present a case which authorizes the court to say, as matter of law, that the defendant was not negligent, and that the plain-

15 UTAH—35

tiff cannot recover. Such a judgment is warranted only where the record presents such a state of facts that all reasonable men must arrive at the same conclusion from a consideration of them. *Hall* v. *Railway Co.*, 13 Utah 259; *Saunders* v. *Southern Pac. Co.*, 13 Utah 275.

It is also manifest that there is evidence in the record which sustains the verdict and judgment. Nor can we say, as a matter of law, that the evidence is insufficient to justify the verdict. It is true, there is conflict therein as to some material points, but we have no power to determine on which side the preponderance is. That is within the province of the jury, and as to that we are bound by the verdict. We can only consider the evidence, in a case at law, so far as such consideration becomes necessary to determine questions of law. We so held in the cases of *Nelson* v. *Southern Pac. Co.*, 15 Utah 325; *Anderson* v. *Mining Co.*, 15 Utah 23.

It is also urged that the respondent cannot recover, because he failed to show specifically what particular defect caused the accident. If this position were sound, then, in many cases of this character, the injured servant could not recover, regardless of the negligence of the employer; for, while such servant may know the general or immediate cause of the injury, it frequently happens that he is unable to point out the particular defects which actually did cause it, and yet it may be clear enough that the employer's negligence was the proximate cause. In this case the immediate cause of the injury was clearly shown; and if, as the jury must have found, the occurrence took place through the negligence of the employer, and if the evidence warrants such a finding,—and we think it does, —then the plaintiff is entitled to recover, notwithstanding that no witness was able to name with absolute certainty the exact mechanical defect which caused the cage

to stop.   In *Nelson* v. *Plow Works*, 57 Minn. 48, Mr. Justice Mitchell said: "If the evidence justified the jury—as we think it did—in finding that the 'drop' fell because of the defective condition of the machine, and that such defective condition was chargeable to the negligence of the defendant, it was not essential to plaintiff's recovery that he should be able to show what the exact nature of the defect was.   *Railroad Co.* v. *Lannigan* (Kan. Sup.), 42 Pac. 343.

It is also insisted for the appellant that the injury which the plaintiff sustained was incident to his employment, and that he assumed the risk.   The mere fact that the respondent was aware that the cage was shaking, and not running smoothly, is not sufficient to justify us in holding that he had assumed the risk, and there is no evidence to show that the defects were of such an obviously dangerous character that he ought to have appreciated the risk, and ceased his employment, or that a man of reasonable precaution, placed under similar circumstances, would have done so.   It is shown that the plaintiff was not skilled in mechanic arts, had never worked in a machine shop, and never had anything to do with machinery, except in this mine.   Therefore he had the right to rely, at least to a reasonable extent, on the judgment of his employer, who is presumed to have a knowledge of the machinery used in his business, and to assume that he would discharge his duty by furnishing reasonably safe machinery, and keeping it in proper condition and repair.   Where an employé has knowledge of defects in machinery used in his employment, and the defects are not so dangerous as to threaten immediate injury, or the danger is not such as to be reasonably apprehended by him, his continuance in the service will not defeat a recovery for injuries resulting from such defects.   If,

however, the defects are so obviously and immediately dangerous that a person of ordinary prudence and precaution would refuse to use the machinery, then, if the servant continues its use, he assumes the risk. We think it was a question for the jury to determine whether, under all the circumstances in evidence in this case, the employé by continuing in his employment with knowledge of the defects, assumed the risk of the injury which he sustained. " Mere knowledge of the defect is not sufficient, unless it does or should carry to a servant's mind the danger from which he suffered. A servant may assume that the master will do his duty; and therefore, when directed by proper authority to perform certain services, or to perform them in a certain place, he ordinarily will be justified in obeying orders, subject to the qualification that he must not rashly or deliberately expose himself to unnecessary and unreasonable risks which he knows and appreciates. It is one thing to be aware of defects, and another to know and appreciate the risks resulting therefrom." Thomas, Neg. p. 851. In *Patterson* v. *Railroad Co.*, 76 Pa. St. 389, Mr. Justice Gordon, delivering the opinion of the court, said: " In this discussion, however, we are not to forget that the servant is required to exercise ordinary prudence. If the instrumentality by which he is required to perform his service is so obviously and immediately dangerous that a man of common prudence would refuse to use it, the master cannot be held liable for the resulting damage. In such case the law adjudges the servant guilty of concurrent negligence, and will refuse that aid to which he would otherwise be entitled. But where the servant, in obedience to the requirements of the master, incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury, or where it is reasonably probable it may be safely used by extra-

ordinary caution or skill, the rule is different. In such case the master is liable for a resulting accident." In *Lee* v. *Railroad Co.*, 101 Cal. 118, the supreme court of California, respecting the risk of an employé, said: "It is not only necessary that an employé should know of the defect in the machinery in order to hold that he assumed the risk, but the danger arising from the defect must also be known or reasonably apprehended by him." So, in *Railroad Co.* v. *Herbert*, 116 U. S. 642, Mr. Justice Field said: " The servant does not undertake to incur the risks arising from the want of sufficient and skillful co-laborers, or from defective machinery or other instruments with which he is to work. · His contract implies that in regard to these matters his employer will make adequate provision that no danger will ensue to him. This doctrine has been so frequently asserted by courts of the highest character that it can hardly be considered as any longer open to serious question." Shear. & R. Neg. § 92; *Harrison* v. *Railway Co.*, 7 Utah 523; *Pidcock* v. *Railway Co.*, 5 Utah 612; *Railroad Co.* v. *Baugh*, 149 U. S. 368; *Huhn* v. *Railway Co.*, 92 Mo. 440; *Settle* v. *Railway Co.*, 127 Mo. 336; *Chapman* v. *Southern Pac. Co.*, 12 Utah 30; *Hawley* v. *Railway Co.*, 82 N. Y. 370.

It is further contended that the court erred in the admission of testimony. At the trial the plaintiff's counsel asked the expert witness Gray a question, as follows: " Now, bearing in mind the accident, how the guides were cut, and all the other facts, I will repeat the question: I will ask you whether or not this accident could have happened, taking into account all the results, if the machinery had been in good condition." The witness had previously stated that he remembered the evidence of the witnesses regarding the accident, and the cutting of the guides, and had described from the evidence the cage and

its operation, the safeties, and play between the guides and shoes of the cage, etc. It will therefore be observed that the question was based on facts in evidence, and, while it may be subject to criticism as to form, and not being stated in the most artistic manner, still the court committed no prejudicial error in permitting it to be answered, the subject being one as to which it is proper for an expert to give his opinion. "On questions of science, skill, or trade, or others of like kind, persons of skill, sometimes called 'experts,' may not only testify to facts, but are permitted to give their opinions in evidence. * * * And such opinions are admissible in evidence, though the witness founds them, not on his own personal observation, but on the case itself, as proved by other witnesses on the trial. But where scientific men are called as witnesses they cannot give their opinions as to the general merits of the cause, but only their opinions upon the facts proved." 1 Greenl. Ev. § 440. In support of their contention on this point counsel for the appellant cited the case of *Allen* v. *Railway Co.*, 7 Utah, 239. There, however, the objectionable question was not based on any facts in evidence, and the court properly held that it was error to permit the witness to answer it. That case cannot avail the appellant in this, bacause here the question is founded on facts proved; and the views expressed herein are not in conflict with those expressed therein. So, for like reasons as those given on the point here considered, we are of the opinion that the court did not err in permitting the witness Gray to give his opinion respecting the cause of the stopping of the cage on the occasion of the accident. The refusal of the court to submit to the jury the defendant's request for special findings is also a subject of complaint on the part of the appellant. We, however, see no error in such refusal.

Under section 3374, Comp. Laws Utah 1888, the matter of directing the jury, in this class of cases, to make special findings, is within the discretion of the court. Neither party has the right to dictate the terms of such findings, and no abuse of discretion has been shown. *Smith* v. *Ireland,* 4 Utah 187; *Webb* v. *Railway Co.,* 7 Utah 17; *American Co.* v. *Bradford,* 27 Cal. 361.

It is also insisted for the appellant that the verdict is excessive. However this may be, we are powerless, under section 9, art. 8, of the constitution, to consider questions of fact, and the amount of damages which the plaintiff was entitled to recover was a question of fact to be determined by the jury and trial court from all the evidence admitted in the case. If there is any proof to sustain the verdict and judgment in an action at law, we have no power to examine the evidence to ascertain whether we would render the same judgment, and, if not, then substitute our judgment for that of the jury. As hereinbefore observed, it is simply our province, in cases at law, to examine the evidence so far as may be necessary to determine questions of law. *Nelson* v. *Southern Pac. Co.,* 15 Utah 325.

We find no prejudicial error in the assignments, respecting the instructions of the court, or in the refusal to give requests. There are other questions presented than those hereinbefore referred to and considered, and, while they have not escaped our notice, yet we do not deem them of such a character as to render a discussion of them necessary. We find no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.