On Rev. Code 1919, Sec. 816, see annotations Kerr's Cyc. Code, 1920, Civ. Code, Sec. 1571.

---

TERRY et al., Appellants, v. HEPPNER et al., Respondents.

(201 N. W. 705.)

(File No. 5189.   Opinion filed December 31, 1924.)

1. **Waters and Water Courses—Pleadings—Demurrer—Injunctions—Complaint Seeking to Restrain Diversion of Appropriated Waters Held to State Cause of Action as Against General Demurrer.**

   Complaint for injunction to restrain obstruction, interruption and diversion of waters, claimed to have been appropriated by plaintiff, held to state cause of action as against general demurrer.

2. **Pleading—Motions—Demurrer—Proof Being Admissible Under General Allegations in Suit to Restrain Diversion, Motion for Specific Allegation Proper Remedy, and Not General Demurrer.**

   In suit for injunction to restrain diversion of appropriated waters, general allegations of ownership, invasion of rights and injury being sufficient to permit proof of plaintiff's right to relief, defendant's remedy, if he desires more specific allegation, was by motion to make more specific, and not by general demurrer.

   Gates, J., dissenting.

Appeal from Circuit Court, Fall River County; Hon. WALTER G. MISER, Judge.

Action by Minnie Terry and others against Minnie Heppner and another. From an order sustaining a demurrer to the complaint, plaintiffs appeal. Reversed and remanded.

*E. W. Martin,* of Hot Springs, for Appellants.

*W. A. Guilfoyle,* of Edgemont, and *Chas. S. Eastman,* of Hot Springs, for Respondents.

Appellants cited:   Hague v. Nephi Irrigation Co., (Utah) 52 Pac. 765; Hough v. Porter, (Ore.) 95 Pac. 732; Revised Code 1919, Sec. 8220; Gould on Waters, (3d ed.) Secs. 229, 231; Kinney on Irrigation, Secs. 174, 175; Sturr v. Beck, 6 Dak. 71; 133 U. S. 541; Lone Tree Ditch Co. v. Cyclone Ditch Co., 15 S. D 519; Mattis v. Hosmer, 62 Pac. 632; Boll v. Ostroot, 25 S. D. 513; Eulrich v. Richter, 41 Wis. 318, 320; Cook v. Evans, (S. D.) 186 N. W. 571.

Respondents cited:   Thompson v. Andrews, 29 S. D. 477.

DILLON, J.   The resume of plaintiffs' second amended complaint is as follows:

(1)   That during the year 1901, one John C. Parkin duly made a homestead entry for 160 acres of land in Fall River county, this state, and that thereafter patent for the land was duly issued to him.   That a natural water course known as Plum creek has at all times flowed upon and across these lands.   That the lands are situated in what is known as the semiarid portion of the United States, and irrigation is necessary for the growth and harvesting of the crops.

That the said Plum creek water course is well defined and has a well-marked channel from its source to its mouth, varying in width from 1 to 3 rods, with well-defined banks on either side varying in depth from 2 to 10 feet.   That the said water course originates between 6 and 7 miles westerly from the land, and some 8 or 10 miles beyond where it unites with Hat creek.   That Plum creek water course is one of the well known water courses of Fall River county and has always been so indicated on the map of Fall River county.   That the said Plum creek, while not flowing water continually throughout all of each year, has water either standing or running at various places during all of each year, and has water running therein during most of each year, and drains a large area of country embracing several square miles, and conducts habitually along the said water course and through the said premises, a large and valuable quantity of storm and flood waters useful and necessary for the purposes of irrigation and domestic use.

That within a few months after making the homestead entry, the said John C. Parkin constructed divers dams and main ditch-

es and laterals conducting the waters from Plum creek over the said premises for purposes of irrigation, and flood waters and storm waters from the said water shed have been used upon the said premises, and over a large portion thereof for purposes of irrigation during each year, except as interrupted by the wrongful acts of the defendants.

That about June 4, 1903, said Parkin made a desert land entry for 160 acres of land immediately adjoining the homestead lands referred to, and that patent for said land was thereafter duly issued and delivered to him. That within a few months after making the desert entry, Parkin constructed at large expense, a diverting dam on the Plum creek water course, and constructed irrigating ditches and latterals connecting the said water course with the said lands, and conducting water over various portions thereof for purposes of irrigation, and also constructed ditches and laterals conveying waters from the same dam upon his homestead land. That the diverting dam and ditches were constructed large enough to convert 1,600 miners' inches of water from the said water course to and upon the lands referred to and the waters of the said Plum creek have been diverted to said premises and used thereon for purposes of irrigation each year except as interfered with by the wrongful acts of the defendants.

That the water rights of the said Parkin were further confirmed by a notice of water right location and appropriation posted at the head of the said irrigation system in May, 1906, and again in September, 1907, and that certificates and notice of said water rights were each recorded in the office of the register of deeds of Fall River county. That the said Parkin and his grantees have in all respects complied with the law of the state of South Dakota pertaining to water rights and the lawful appropriation of waters of streams, water courses, and water sheds for purposes of irrigation. The first of said water right notices and certificates was in the usual form of water appropriation, and claimed 1,600 miners' inches of water of Plum creek; the second notice and certificate claimed to have appropriated 1,600 miners' inches of the water of Plum creek, a "dry draw:"

That all of the lands, water rights and privileges of the said Parkin as set forth have been assigned and transferred to the plaintiffs who are now the owners thereof, and that any and all

claims and privileges which the defendants may have or assert are junior and inferior in point of time and right to the rights and claims of the plaintiffs.

That prior to the year 1919, the defendants wrongfully constructed across said Plum creek water course, above and to the west of the premises of the plaintiffs, a large storage and diverting dam, capable of storing approximately 20 acres of water varying in depth from 12 to 15 feet in the central portion thereof, sufficient to interfere very seriously with the passage of the creek waters and the storm waters through and along the creek channel, and constructed two smaller storage dams of like character. That the first and uppermost dam and obstruction is situated between 4 and 5 miles easterly of the source or beginning of the said water course. That the channel of the water course is well defined at the place of said obstruction, having well defined bottom where the waters of said stream habitually run and having well defined banks. That during the year 1919, these dams and obstructions of the defendants accumulated and diverted the creek waters and flood waters of said stream, and prevented the same from flowing down and entering the ditches of the plaintiffs and wholly deprived the plaintiffs of irrigating waters during the growing season of 1920, by reason of which the crops of the plaintiffs were wholly destroyed, and the plaintiffs suffered damage by reason thereof. That the wrongful acts of the defendants have further interfered with the plaintiffs use and enjoyment of his property and water rights to the damage of the plaintiffs in a large amount.

That the defendants threaten and are about to continue to maintain the said dams across the said water course of Plum creek, and will do so unless restrained by an injunction order of the court, and will continue to prevent the natural flow of the water of said water course to the diverting dams and ditches, to the plaintiffs' great and irreparable injury.

The trial court sustained a demurrer to the plaintiffs' second amended complaint, and this appeal is from that order. Appellants contend that a good cause of action is stated under the general statute for the appropriation and use of waters; also under the law of the rights of riparian owner of such waters, while flowing upon plaintiffs' lands and also under the "dry draw statute."

It is insisted by the respondents that the amended complaint fails to state a cause of action; that their demurrer by which this point is raised should be sustained.

[1, 2] We think, the ownership, invasion of rights, and injury are clearly and distinctly alleged and a cause of action is stated, at least in general terms. Under these general allegations, the method of appropriation, adverse user, or purchase could be shown by the proof. If the respondents desired a more specific and definite allegation of ownership showing the nature thereof, their remedy was by a motion to make more specific and failing in this, they cannot now be heard to complain. Mangum v. Mining Co., 15 Utah, 534, 50 P. 834. Hague v. Nephi Co., 16 Utah 421, 52 P. 765, 41 L. R. A. (N. S.) 311, 67 Am. St. Rep. 634.

We are of the opinion that the allegations of the complaint are sufficient to withstand a general demurrer.

According to the allegations in plaintiffs' amended complaint, respondents must be treated as trespassers without any rights. The complaint alleges a homestead entry by John C. Parkin, and a desert land entry, each consisting of 160 acres of land, also the construction at a large expense, of a diverting dam on Plum creek water course, and the construction of various ditches and laterals connecting the said water course with plaintiffs' land, and the use of the same, since 1903, for the purposes of irrigation. And also that defendant wrongfully constructed across said Plum creek water course, above and to the west of plaintiffs' premises, a large diverting dam, capable of storing 20 acres of water, in depth from 12 to 15 feet, which interfered with the passage of creek and storm waters through and along the creek channel; and also constructed two small storage dams of like character above and to the west of plaintiffs' land, and by such dams and obstructions defendants have diverted the flood and storm waters, and prevented the waters from flowing to and entering plaintiffs' ditches, and have deprived plaintiffs of irrigation waters, which caused the destruction of plaintiffs' crops.

We are of the opinion that the allegations contained in the amended complaint are sufficient, and that the court erred in sustaining the demurrer to such amended complaint.

The order appealed from is reversed, and cause remanded.

GATES, J. (dissenting.)   This case was brought to prevent defendants Heppner from diverting the waters of Plum creek. In so far as the waters of Plum creek consist of storm and flood waters, the complaint does not state a cause of action. Benson v. Cook (S. D.) 201 N. W. 625, decided Dec. 18, 1924. I fail to find any allegations in the complaint that show that the waters of Plum creek constitute a "definite stream" within the meaning of section 348, Rev. Code 1919.

Therefore, upon the authority of Benson v Cook, supra, no cause of action is alleged unless it be under the "Dry Draw Act," chapter 180, Laws 1907. In St. Germain Irrigating Ditch Co. v. Hawthorne Ditch Co., 32 S. D. 260, 143 N. W. 124, that act was held unconstitutional as to pre-existing vested rights. I do not think the allegations of the complaint are sufficient to set forth a cause of action under the "dry draw" statute.