ALFRED H NELSON, ADMINISTRATOR, RESPONDENT, *v.* SOUTHERN PACIFC COMPANY, APPELLANT.

CONSTITUTIONAL LAW—SUPREME COURT—REVIEW OF FACTS—INSTRUCTIONS— CUSTOMS— CERTAINTY—CARRIERS— CONTRIBUTORY NEGLIGENCE—NOTICE TO AGENT.

1. Under section 9, art. 8, Const., the supreme court has been deprived of the power to review the facts in a case at law, except so far as may be necessary to determine questions of law.

2. Where a specific exception has been taken to objectionable matter in a charge, this court will consider not only that to which the exception was specifically taken, but also what is affected thereby.

3. To establish the validity of a custom of trade, on which a party relies in an action for personal injury, the usage must have existed such a length of time as to become generally known, and must be shown to be reasonable, uniform, certain, and not contrary to law; and it is error for a court to charge a jury that the custom or usage must be "so certain as the business to which the rule applies will permit," there being no comparative degrees as to the certainty of a custom.

4. If a person, who is in charge of live stock on a railroad train, while the train is in motion, incautiously, without the exercise of ordinary care and prudence, or such as a man of reasonable care and foresight would under similar circumstances exercise, does an act which causes or contributes to his death, and becomes the proximate cause thereof, it will be such contributory negligence as will bar a recovery by his legal representatives for his death.

5. It is error to permit a witness to answer, over objections, questions intended to show knowledge on the part of "railroad men," without showing that they are agents of the railway company, where the purpose is to show knowledge on the part of the company.

(No. 798.    Decided June 17, 1897.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by Alfred H. Nelson, administrator of the estate of Charles A. Nelson, deceased, against the Southern Pacific Company.    Judgment for plaintiff.    Defendant appeals.    *Reversed.*

*Marshall & Royle,* for appellant.

Plaintiff's reckless disregard of all care and caution, and what is reasonably required of passengers on rail-

road trains, is further illustrated by the following cases: *Brennan* v. *R. R. Co.*, 45 Conn. 284; *Willis* v. *Long Island R. R. Co.*, 34 N. Y. 670; *Hickey* v. *Boston, Etc., R. R. Co.*, 14 Allen 427; Wood's Ry. Law, vol. 2, p. 1083 and cases cited; Patterson's Ry. Accident, p. 282; *Penn. R. R. Co.* v. *Langdon,.* 92 Penn. St. 21; *Goodwin* v. *R. R. Co.*, 84 Main 203. The fact that a passenger did not know that his act was careless will not avail him, *as he was bound to know. Penn. R. R.* v. *Henderson,* 43 Penn. St. 449; *Southern R. R. Co.* v. *Kendrick,* 40 Miss. 374; *O'Donnell* v. *R. R. Co.*, 59 Penn. St. 239. Even if defendant was negligent, yet if plaintiff's negligent or imprudent act or conduct contributed to his injuries, he cannot recover. 12 E. & A. R. R. Rep's p. 115; *R. R.* v. *Aspell,* 23 Penn. St. 147. If the danger is obvious and such as a reasonable man would not have incurred, the passenger must not assume the risk. *Hazard* v. *Chicago, Etc., R. R.*, 1 Bissell 503; *Pittsburgh* v. *Krouse,* 30 Ohio St. 220; *Chicago, Etc., R. R.* v. *Randolph,* 53 Ill. 510; *Jefferson, Etc., R. R.* v. *Swift,* 26 Ind. 549.

*Evans & Rogers* and *A. G. Van Horn,* for respondents.

Cited: *Saunders* v. *Southern Pacific,* 44 P. Rep. 932; *Carpenter* v. *Ry. Co.*, 56 Fed. 451; *Thomas* v. *Ry. Co.*, 60 Fed. Rep. 379; *Lawson* v. *Ry. Co.*, 64 Wis. 447; *White* v. *Ry. Co.*, 67 Fed. Rep. 481; *Horst* v. *Ry. Co.,* 93 U. S. 291; *Tibby* v. *Ry. Co.*, 82 Mo. 292; *Johnson* v. *Ry. Co.*, 116 Ill. 206; *Rowan* v. *Ry. Co.*, 3 N. E. Rep. 627; *Wallace* v. *Ry. Co.*, 138 N. Y. 302; *Waterbury* v. *Ry. Co.*, 17 Fed. Rep. 671; Hutchinson on Carriers, S. 654 A; *Wright* v. *Ry. Co.*, 17 N. E. Rep. 584; *Kane* v. *Ry. Co.*, 128 U. S. 91, 96; *Flanders* v. *Ry. Co.*, 53 N. W. Rep. 544; *Irwin* v. *Ry. Co.*, 16 Pac. Rep. 146; *Grand Trunk* v. *Ives,* 144 U. S. 408; *Smith* v. *Rio Grande Ry. Co.*, 9 Utah 141; *Wood* v. *Ry. Co.*, 9 Utah 146; *Wines* v. *Ry.*, 9 Utah 228; *Olsen* v. *Ry.* 9 Utah 129; *Everett* v. *Ry.*, 9 Utah 340; First Sher. & Red. on Negligence, 99.

BARTCH, J.:

The plaintiff, as administrator, brought the action to recover damages for the death of Charles A. Nelson, alleged to have been caused by the negligence of the defendant in the operation of its railroad. The jury returned a verdict in favor of the plaintiff in the sum of $20,000, but the court afterwards, in deciding a motion for a new trial, determined to grant it unless a remittitur were filed which would reduce the amount to $15,000. The plaintiff then consented to file such remittitur, and thereupon judgment was entered accordingly, and the motion overruled. This appeal is from the judgment, and from the order overruling the motion for a new trial; but as this court has held in *White* v. *Pease*, 15 Utah 170, that no appeal lies in this state from an order overruling a motion for a new trial, the appeal from the judgment alone can be considered.

Counsel for the appellant, in the first instance, insist that certain facts are established by a preponderance of the evidence. However this may be, it is but for us to reply that we have no power to determine whether the preponderance of the evidence is with the appellant or respondent. Section 9, art. 8, of the constitution, provides, " In cases at law the appeal shall be upon questions of law alone." Under this provision of the constitution, this court on appeal has no power to review the facts in a case at law, except so far as may be necessary to determine questions of law. It is therefore useless to incumber the record with any evidence in such a case which is not necessary to the determination of the questions of law presented, because, if there is any evidence to sustain the judgment, we are powerless to determine whether such evidence preponderates, or whether, under all the evidence, we would render the same judgment, and, if

not, then substitute our judgment for that of the jury. In all such cases it is the province of the trial court and jury to determine as to where the preponderance of the evidence lies. Hence, this being an action at law, all questions of fact raised in the record must be eliminated, and questions of law alone considered.

Counsel also insist that the court erred in its instructions to the jury. At the trial they excepted to a specific portion of the charge, and as the part so excepted to relates to and affects almost an entire paragraph, we will consider not only that to which the exception was specifically taken, but also what is affected thereby. The portions of the paragraph thus subject to the objection read as follows: "And if in this case the jury believe from the evidence that deceased, by waiting a short time in the sheep cars, until the train stopped at the summit, could have left the sheep cars and walked back to the caboose upon the ground, and that he was exposed to no danger or peril by so remaining in the sheep cars; that the deceased, disregarding this means of so returning to the caboose, carelessly, or recklessly, in the face of known or apparent danger, attempted to pass from the sheep cars to the caboose over the tops of intermediate cars of unequal height, while passing through the snow sheds, and in a storm of wind and snow so severe as to tax all his energies to maintain his footing upon the tops of the cars (if you find that such climatic conditions existed at that time), and in so doing he was struck and injured— his own careless and reckless action was the cause of his own injury, and plaintiff cannot recover in this action, even though you believe from the evidence that the defendant was also negligent, unless you further believe from the evidence in this case that it was a usual custom or practice among sheep men at or prior to the time of the

injury, and at or near the place of injury, to walk across
the tops of the cars, and that such custom or practice was
known to the defendants or its agents, and acquiesced in
by them.  And upon that point the court instruct the
jury that, to establish a custom or usage in business deal-
ings and employments, the custom or usage must be so
certain, uniform, and reasonable as the business to which
the rule applies will permit, and sufficiently old to be
generally known, both to the persons occupied in the
business in which custom or usage is relied upon, and
also to the persons or their agents against whom
such custom is sought to be proven."   The part
specifically excepted to is the last clause above quoted,
which defines the word " custom."   It will be noticed
that this clause refers to the subjunctive clause im-
mediately preceding it, beginning with the word " un-
less," and that the subjunctive clause qualifies what
precedes it.   The plaintiff's intestate was accompanying
a shipment of sheep to California, and was killed while
walking on the top of the cars of a moving train, west of
Truckee, at the Sierra Nevada Mountains, as the train
entered a snowshed, by being struck in the back of the
head by one of the timbers of the overhead structure;
and one of the most important issues in the case was
whether, in shipping stock over the appellant's rail-
road across those mountains, it was a custom known to
the railroad company for those in charge of stock, after
attending to the same, to get on top of the cars and walk
back to the caboose over the running boards.   Therefore
the defining of the word " custom " became a material
element in the charge of the court, because it was impor-
tant that the jury should clearly understand its legal sig-
nificance.   In its ordinary acceptation, Webster defines
" custom " as " frequent repetition of the same act; way

of acting common to many; ordinary manner; habitual practice; usage; method of doing or living"; and in its legal acceptation as "long-established practice, considered as unwritten law, and resting for authority on long consent; usage." Bouvier defines it as "such a usage as by common consent and uniform practice has become the law of the place, or of the subject-matter, to which it relates." And Anderson defines it as "that length of usage which has become law; a usage which has acquired the force of law." To establish the validity of a custom of trade, the usage must have existed such a length of time as to become generally known, and must be shown to be reasonable, uniform, certain, and not contrary to law. If, however, it is not directly known to the parties to the transaction, but is so general and well established as to raise a presumption of knowledge, it will nevertheless be binding upon them. Bouv. Law Dict.; And. Law Dict.; 1 Bl. Comm. 78; 2 Greenl. Ev. § 251; *Smith* v. *Wright,* 1 Caines 43; *U. S.* v. *Macdaniel,* 7 Pet. 1; *Wootters* v. *Kauffman,* 67 Tex. 493.

Testing the objectionable matter in the charge by these definitions and principles, it is apparent that the court's definition is erroneous, because, as will be observed, it violates one of the essential elements necessary to the existence of a custom or usage of trade, which is that it is certain. This element is made to depend upon how much certainty the business will allow, for the jury were told that the custom or usage must be so certain as the business to which the rule applies will permit. A custom does not depend upon whether the business in which it is claimed to exist will permit its existence. The question is, does it actually exist? Is it established as a fact? In addition to being certain, the custom or usage must be uniform, reasonable, and not contrary to law. There

are no comparative degrees as to the certainty of a custom. It is either certain, or it is not, and the charge of the court qualifying this element is erroneous; and in this case the error is material, because the portion of the paragraph in which it occurs relates to the preceding portions of the same paragraph, wherein the court, in substance, told the jury that if they believed from the evidence that the deceased, without exposing himself to any danger, could have remained in the sheep cars until the train stopped, and then could have walked to the caboose, but, instead of so doing, carelessly and recklessly, in the face of known danger, attempted to return to the caboose over the top of the cars, while passing through the snowsheds, in a storm so severe as to tax all his energies to maintain his footing, if such climatic conditions existed, then the plaintiff could not recover, unless they further believed from the evidence that it was a custom among sheep men, known to the defendant and acquiesced in by it, at or prior to the time, and at or near the place, of the injury, to walk across the top of the cars while in motion. In other words, the jury were instructed that the plaintiff was not barred from a recovery unless the deceased carelessly or recklessly, in the face of known danger, under the conditions described, returned to the caboose over the top of the cars. Under such a rule the defendant, in order to avoid liability in this case, would have the burden of showing little less than a wanton disregard on the part of the deceased of his own life and safety. Such is not the law. It is apprehended that if the deceased, even incautiously, without the exercise of ordinary care and prudence, or such as a man of reasonable care and foresight would under similar circumstances exercise, did an act which was the proximate cause of his death, his legal representatives

will not be entitled to a recovery. The question is not as to the degree of negligence on the part of the deceased, but whether he was guilty of any negligence which caused or contributed to the injury. Nor is it necessary, to bar recovery, that the act of negligence should have been committed in the face of known or apparent danger. It is sufficient if the deceased was guilty of any negligence which was the proximate cause of the injury, although at the time the real danger of the act was not apparent or known to him. That the charge of the court respecting custom and contributory negligence was erroneous and misleading to the jury is obvious. There are also several other portions of the charge, respecting contributory negligence, which are not invulnerable to careful scrutiny; but, as they were not excepted to, we cannot consider them.

It is further contended that the court erred in permitting the witness Pascal, over the objection of counsel, to answer the following question, "Now, at the time he made that remark to the boys, were there any railroad men in the caboose?" This referred to a remark which the witness testified the deceased made when the train was about to leave Truckee, and as he was about to leave the caboose to attend to the sheep, and was evidently introduced as tending to show that the agent of the defendant was aware that the deceased was somewhere on the train, outside of the caboose, before the train entered the snowshed where the fatal accident occurred. We are of the opinion, therefore, that the question was subject to the objection that it was too general. It should have been limited to the conductor or agent of the defendant, because all railroad men are not such agents.

We do not deem it necessary to discuss any other questions presented in the record. The case is reversed and the cause remanded, with directions to grant a new trial.

ZANE, C. J., and HILES, District Judge, concur.