STATE OF UTAH, Respondent, v. A. H. ENDSLEY, Appellant.

Criminal Procedure — Motion to Dismiss Prosecution — Under Sec. 5065, R. S. 1898.— What Defendant Must Show — Facts Under Which Motion Not Allowed.   Verdict of Jury — When Appellate Court Will Interfere.

1. *Criminal Procedure — Motion to Dismiss Prosecution — Under Sec. 5065, R. S. 1898 — What Defendant Must Show — Facts Under Which Motion Not Allowed.*

To entitle a defendant to favorable action on a motion to dismiss a prosecution because he was not brought to trial at the next term of court after the information was filed, it is incumbent on him to show that his case falls within the terms of Sec. 5065 of the Revised Statutes; and where it appears that the information was filed May 21, 1898, and that the defendant was arraigned "August 15, 1898, May term" and a plea of "not guilty" entered, and that the "case was continued for the term," and that the trial occurred at the September term, the defendant was not entitled to be discharged under the statute.

2. *Verdict of Jury — When Appellate Court Will Interfere.*

This court will not interfere with the verdict of a jury except when there is no evidence to support it.

(Decided May 17, 1899.)

Appeal, from the Seventh District Court, San Juan County, Hon. Jacob Johnson, *Judge.*

Defendant was prosecuted and convicted of the offense of grand larceny, and insists that the trial court erred in refusing to discharge him upon motion made for that purpose and based on the ground that the case was not tried at the next term after filing the information as required by Sec. 5065, R. S. 1898. *Judgment affirmed.*

*L. R. Rhodes, Esq.*, for appellant.

*Hon. A. C. Bishop*, Attorney-General, and *William A. Lee*, Deputy Attorney-General, for respondent.

BARTCH, C. J.

The defendant in this case was prosecuted for and convicted of the offense of grand larceny. On this appeal, it is insisted that the court erred in refusing to discharge the accused upon motion made for that purpose, and based on the ground that the case was not tried at the next term after filing the information, as required by Sec. 5065, R. S., which provides:

"The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense, if an information is not filed nor an indictment found against him at the next term of the court at which he is held to answer.

"2. If a defendant whose trial has not been postponed upon his application, is not brought to trial at the next

term of the court in which the information or indictment is triable, after it is filed or found."

Doubtless by this statute the Legislature intended to secure to every defendant, in a criminal prosecution, a speedy trial, in the absence of good cause being shown for delay; and in a case where the accused himself makes no application for a postponement, and the prosecution fails to proceed to trial at the next term " in which the information or indictment is triable, after it has been filed or found," without showing good cause for such failure, it will be the duty of the court, on motion of the defendant, to discharge him. But to entitle a defendant, to favorable action upon his motion, it is without doubt, incumbent upon him to show that his case falls within the terms of the statute. Has the defendant in the case at bar shown this? We are apprehensive that he has not. While it is not stated in the abstract that the information, which resulted in the conviction of the defendant, was filed at the May term of court, it does appear that it was filed on May 21, 1898, that the defendant was arraigned " August 15, 1898, May term," and a plea of "not guilty" entered, and that the " case was continued for the term." The session of court of August 15, when the arraignment was had, was simply an adjournment of the May term, in accordance with Sec. 674, R. S., and it is therefore evident that the information was filed and the defendant arraigned at the May term. The trial occurred at the September term, 1898, which was the next term after the one at which the information was filed. It is thus clear that the defendant was not entitled to be discharged under the statute, and that the court did not err in denying the motion.

It is also contended that the verdict is contrary to, and is not supported by the evidence. In answer to this con-

tention, it is sufficient to say that there is evidence in the
record which tends to connect the defendant with the crime
for which he was convicted, and it supports the verdict.
This being so, we have no power to determine whether or
not, in our judgment, such evidence is sufficient to war-
rant a conviction.   We can only interfere when there is
no evidence to support the verdict.

The judgment is affirmed.

MINER, J., and BASKIN, J., concur.