FRANCIS WILD, an Infant, by MATTHEW WILD, his Guardian, Respondent, v. UNION PACIFIC RAILROAD COMPANY, Appellant.

NON-SUIT—MOTION FOR—MUST BE DEFINITE—APPEAL—WHEN RULING ON NON-SUIT CAN NOT BE CONSIDERED—EXCEPTIONS—BILL OF—WHAT SHOULD CONTAIN—SEC. 3248, R. S. 1898—ACTIONS AT LAW—WITNESSES — CREDIBILITY — APPELLATE COURT — POWERS —UNDER CONST. ART. 8, SEC. 9—INSTRUCTIONS—GENERAL EXCEPTIONS—NOT CONSIDERED.

1. NON-SUIT: MOTION FOR: MUST BE DEFINITE. A motion for non-suit which is indefinite in its specifications, can not be considered.[1]

2. APPEAL: WHEN RULING OF NON-SUIT CAN NOT BE CONSIDERED. Where a motion for a non-suit is overruled, and thereafter plaintiff is allowed to introduce further testimony, and witnesses are examined and cross-examined at length and the motion for non-suit is not thereafter renewed, the question of the overruling of the motion for non-suit can not be reviewed on appeal.

3. EXCEPTIONS: BILL OF: WHAT SHOULD CONTAIN: SECTION 3248, REVISED STATUTES 1898. Where a bill of exceptions does not comply with section 3248, Revised Statutes 1898, and the abstract does not comply with Rule 6, of this court, the court may affirm the judgment without regard to the bill of exceptions, and will hereafter do so, unless some fatal error not required to be shown by the bill of exceptions appears on the face of the record.

4. ACTIONS AT LAW: WITNESSES: CREDIBILITY: APPELLATE COURT: POWERS: UNDER CONSTITUTION, ARTICLE 8, SECTION 9. In actions at law the jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence, and under section 9, article 8, Constitution, in cases at law the appellate court can only examine the

[1]White v. R. G. W. Ry. Co., 22 Utah 139; 61 Pac. 568; Lewis v. Silver King Min. Co., 22 Utah 51; 61 Pac. 860; Frank v. Bullion Beck Min. Co., 19 Utah 35; McIntyre v. Ajax Min. Co., 20 Utah 323.

evidence so far as may be necessary to determine the questions of law, and has nothing to do with the sufficiency of the evidence to justify the findings or judgment, unless there is no proof to support it.[2]

5. INSTRUCTIONS: GENERAL EXCEPTIONS: NOT CONSIDERED. General exceptions to instructions, each of which contains independent propositions, some of which are correct, can not be considered.[3]

### Decided February 14, 1901.

### Rehearing denied April 8, 1901.

Appeal from the Second District Court, Weber County.—*Hon. H. H. Rolapp,* Judge.

Action for damages for personal injuries alleged to have been received through the negligence of defendant company. From a judgment for plaintiff defendant appealed.

AFFIRMED.

*Le Grand Young, Esq.,* and *A. W. Agee, Esq.,* for appellant.

We insist that there is an entire want of competent evidence to prove that the crossing in question was not in an ordinary safe condition.

In order to charge appellant with actionable negligence in respect to said crossing, it must have been shown by competent

---

[2]Anderson v. Daly Min. Co., 15 Utah 22; Nelson v. Southern Pac. Co., 15 Utah 325; Mangum v. Bullion Beck Min. Co., 15 Utah 534; Linden v. Anchor Min. Co., 20 Utah 134, 148.

[3]Pool v. Southern Pac. Co., 20 Utah 210;; Scott v. Min. & Mill. Co., 18 Utah 486; Wilson v. Sioux Con. Min. Co., 16 Utah 393; Ganaway v. S. L. Dramatic Assn., 17 Utah 41.

evidence that its condition was such that injury to persons using it in the way street crossings are usually and ordinarily used by the public, could have been reasonably anticipated as the natural and probable consequence of its condition, and that such danger could have been guarded against by use of ordinary care on part of appellant. This we say emphatically has not been done. Fritz v. Salt Lake, etc., Co., 18 Utah, 493; 56 Pac. Rep. 90; Titus v. Railroad Co., 136 Pa. St. 618.

Instructions should be based upon and be applicable to the theories contended for by the parties. People v. Saches, 24 Cal. 28; Pearson v. Dryden (Or.), 43 Pac. 166.

The rule established by an unbroken line of decisions in California, from which State our practice act was taken, is that, where the trial judge expresses dissatisfaction with the verdict and is of opinion that justice has not been done, he is bound to set aside the verdict and grant a new trial, even though there may be a conflict in the evidence. Hawkins v. Reichert, 28 Cal. 535-539; Dickey v. Davis, 39 Cal. 565-569; Domico v. Cassassa, 35 Pac. Rep. 1024; Sherman v. Mitchell, 46 Cal. 577; In re Carriger's Estate, 37 Pac. Rep. 785; Warner v. Dying Works, 38 Ibid., 961; People v. Lum Yit, 23 Ibid. 228; People v. Knutte, 44 Ibid. 166.

This court has emphatically declared that where the verdict is clearly against the weight of the evidence, the trial court should not hesitate to set aside the verdict and grant a new trial. Hopkins v. Ogden City, 5 Utah, 390.

*Herbert R. MacMillan, Esq.,* for respondent.

This court will not examine into the sufficiency of the evidence. Temps Hall Ass'n v. Giles, 38 N. J. 260; McGrail v. Kalamazoo, 94 Mich. 52; Bauer v. Libbey, 78 Me. 321; 57 Am. Rep. 810, and note; Marvin v. New Bedford, 158 Mass.

464; Kidder v. Dunstable, 11 Gray, 342; Louisville R. Co. v. Com., 80 Ky. 143; Hays v. Greenville, 8 S. W. 494; Burt v. N. Y. C., 20 N. Y. 809; Hubbard v. R'y Co., 39 Me. 506; Hudson v. Chicago R'y, 59 Iowa, 581; Dye v. Delaware R'y, 130 N. Y. 671; Weiler v. Manhattan R'y, 6 N. Y. S. 321; T. & H. P. Co. v. Cline, 38 Pac. 608; Towle v. Pac. Imp. Co., 33 Pac. 207; Burgess v. Davis S. O. Co., 42 N. E. 501.

Utah seems to follow the rulings of these courts, rather than those cited by appellant, on such evidence. Jenkins v. Hooper Irr. Co., 13 Utah, 100; Sullivan v. Salt Lake, 13 Utah, 132; Hurd v. U. P. R'y Co., 30 Pac. 92; Snowden v. P. V. C. Co., 16 Utah, 366; Anderson v. Daly Min. Co., 15 Utah, 22; Konold v. R. G. W. R'y Co., 60 Pac. 1024.

Appellant's exceptions to this instruction were as follows:

"The defendant excepts to instruction number 11, given by the court."

Such an exception is too general. It does not point out the particular word or phrase excepted to and does not, therefore, give the trial court a chance to correct the instruction, if wrong. This instruction could, if erroneous, have been very easily changed had appellant placed its finger on the objectionable word "or." This court has repeatedly held such an exception not to be good. Ganaway v. S. L. D., 17 Utah, 41; People v. Thiede, 11 Utah, 241; Pool v. S. P. Co., 20 Utah, 210; 58 P. 327; Scott v. Utah C. Co., 18 Utah, 486; 56 P. 305.

The court did not err in overruling the motion for nonsuit, because:

*First.* Fair-minded men might honestly differ on the facts or in other words all men of ordinary intelligence would not come to the same conclusion, in which case, this court has repeatedly held the case must go to the jury. Linden v. Anchor Co., 29 Utah, 134; 58 Pac. 358.

*Second.* The motion was too general and did not specify

the grounds for nonsuit.   White v. R. G. W., 22 Utah, 139;
61 Pac. 568; Lewis v. Silver King, 22 Utah, 51, 61 Pac. 860;
Frank v. Min. Co., 19 Utah, 35; McIntyre v. Min. Co., 20
Utah, 323, 60 Pac. 554.

These were all facts for the jury to decide and the jury
having found for the plaintiff this court will not interfere.
This court will only look into the evidence far enough to see
if there is *any* evidence upon which to base the verdict and if
so the verdict will stand.   This court will not determine ques-
tions of fact.   See cases hereinbefore cited and also:   Connor
v. Raddon, 16 Utah, 418; Whittaker v. Ferguson, 16 Utah,
243; Mangum v. Mining Co., 15 Utah, 534; Nelson v. R. R.
Co., 15 Utah, 325; Anderson v. Mining Co., 15 Utah, 126;
Bacon v. Thornton, 16 Utah, 138.

BASKIN, J.—Francis Wild, an infant of the age of
twelve years, by Matthew Wild, his guardian, instituted this
suit to recover damages alleged to have been received by him
through the negligence of the defendant.

The answer denied the alleged negligence and alleged that
the injury complained of was caused by the negligence of the
said Francis Wild, and his wilful misconduct while wrongfully
trespassing on the grounds and track of the defendant.

The jury returned a verdict in favor of the plaintiff for
$4,000, but the trial court overruled the defendant's motion
for a new trial on condition that the plaintiff remit from the
amount of said verdict, all over the sum of $2,500, which was
accordingly done, and a judgment for the latter amount was
rendered in favor of plaintiff, with costs.   From this final
judgment the defendant has taken this appeal.

After the plaintiff rested the defendant made a motion for
a nonsuit, on the following grounds:

"1.    That the evidence adduced by plaintiff does not sustain the allegations of the complaint, nor any of them.

"2.    That the evidence does not show any negligence on the part of the defendant either in the construction or maintenance of the crossing; and

"3.    If it fails to show that the accident complained of was caused by the negligence, misconduct, omissions or commissions of the defendant."

After the motion was overruled, the plaintiff was allowed to recall the witness Naylor, who was re-examined and re-cross-examined at great length, and counsel for defendant recalled Mrs. Wild, one of plaintiff's witnesses, and re-cross-examined her.

After this additional testimony had been received, the motion for a nonsuit was not renewed. We can not consider said motion: 1st. Because it was too indefinite. White v. R. G. W. Ry. Co., 61 Pac. 568 (Utah); Lewis v. Silver King Min. Co., 61 Pac. 860 (Utah); McIntyre v. Ajax Min. Co., 20 Utah, 323; Frank v. Bullion Beck Min. Co., 19 Utah, 35. 2d. Because the motion was not renewed after said additional testimony was given.

Upon the close of the testimony the defendant requested the court to instruct the jury to return a verdict for the defendant, and one of the grounds of the motion for a new trial was the insufficiency of the evidence to justify the verdict.

The bill of exceptions contains 608 pages of typewritten matter, and consists of the reporter's notes, the questions asked the witnesses and their answers, the side bar conversations and the remarks of the judge and counsel which occurred during the trial. In what purports to be the abstract, consisting of 171 pages, the bill of exceptions is presented in full. Such a bill does not conform to the requirements of section 3248, Revised Statutes 1898 (People v. Getty, 49 Cal. 581; Caldwell

v. Parks, 50 Id. 502), and what purports to be an abstract is not such as rule 6 of this court requires.

Under the precedent of Caldwell v. Parks, supra, we would be justified in affirming the judgment without regard to the bill of exceptions, and will do so in all cases hereafter appealed, unless some fatal error which is not required to be shown by the bill of exceptions, appears upon the face of the record.

In actions at law the jury are the exclusive judges of the credibility of the witnesses, and the weight of the evidence. Haun v. R. G. W. Ry., 22 Utah 346, 62 Pac. 908. And as said by Justice BARTCH, in Whittaker v. Ferguson, 16 Utah, 240, "We can, therefore, in cases at law (under sec. 9, art. 8, of the Constitution), examine the evidence only so far as may be necessary to determine the questions of law, and have nothing to do with the sufficiency of the evidence to justify the findings or judgment, unless there is no proof to support it." Anderson v. The Daly Min. Co., 15 Utah, 22; Nelson v. Southern Pac. Co., 15 Utah, 325; Mangum v. Bullion Beck & C. Co., 15 Utah, 534; Linden v. Anchor Min. Co., 20 Utah, 134, 148.

The evidence introduced by the plaintiff tended to sustain his case, and the issues between the parties were therefore properly submitted to the jury, and their verdict under the rule formerly established by the foregoing decisions, can not be disturbed on the ground of the insufficiency of the evidence.

A general exception was taken to the second instruction, as also to the seventh. Each of these instructions contain independent propositions, some of which are undoubtedly correct. Such general exceptions, as has been frequently decided by this court, can not be considered. Pool v. Southern Pac. Co., 20 Utah, 210; Scott v. Min. & Mill. Co., 18 Utah, 486; Wilson v. Sioux Con. Min. Co., 16 Utah, 393; Ganaway v. S. L. Dramatic Assn., 17 Utah, 41.

The defendant introduced evidence showing that the plaintiff, on the morning of the day that the accident occurred, but sometime previous thereto, had been climbing and riding upon the cars of defendant.

The fifth instruction, to which objection is made, is as follows: "If you find from the evidence that the plaintiff was climbing the cars on the morning in question, but find that at the time he was injured he was not riding upon or climbing said cars, or attempting to do so, but was injured in the manner as testified to by plaintiff by getting his foot caught in said crossing, then I charge you that the fact that plaintiff was riding upon or climbing said cars, or attempting to do so, before the accident occurred, does not affect his right to recover."

This instruction was properly given.

The foregoing objections are the principal ones presented by the brief of appellant's counsel. The others are not of such importance as to require special notice, and are untenable.

It is ordered that the judgment of the court below be affirmed, at the cost of the appellant.

*Bartch, J.,* dissents.

After an examination, I find no error in the record of sufficient importance to justify a reversal of the case. I concur in the order affirming the judgment. *Miner, C. J.*