## UNITED STATES v. STROM et al.

No. H.T.A. 507.

First Division.
June 5, 1929.

United States Attorney, for the United States.
Winn. & Grigsby, of Juneau, for defendants.

HILL, District Judge.

On the 30th day of April, 1929, the above-entitled matter came on by consent for hearing in chambers upon the

application of the defendants, under the provisions of section 2366, chapter 29, title 15, C.L.A. 1913, for a dismissal of proceedings against them. The affidavits filed by them show that on the 18th day of January, 1929, at Juneau, in the First Judicial Division of the Territory of Alaska, the defendants were held to answer on a charge of conspiracy to violate a law of the United States; that on April 1, 1929, a grand jury was impaneled at Juneau, which was discharged on the 15th day of April, 1929, and the charge against defendants was not presented to said grand jury, and no indictment was returned by said grand jury against either of said defendants, and said action against them was not continued to another term of the District Court. The United States, by affidavit, admits the allegations of petitioners' affidavits as to matters designated, and alleges that defendants were held to answer during the September, 1928, term of the District Court of the United States for the First Judicial Division of the Territory of Alaska, which term is still pending. No reply affidavit has been filed on behalf of the defendants.

The contention of the defendants is that the true meaning of section 2366, supra, is that defendants held to answer must be indicted at the next grand jury convened in the division in which defendants were held to answer after they were so held to answer. Section 2366 is intended to protect defendants in their constitutional right to a speedy trial, and has its counterpart in several states. Examination of laws of various states intended to reach the same end shows that in some the provision is that the action must be dismissed if indictment is not found by the end of the second term. In one instance it is the end of the third term. California, Oregon, and Utah have each had the same provision contained in section 2366. Examination of authorities fails to show that any of these acts have been held unconstitutional because they deny to defendants the right of a speedy trial. The language of this section is plain, and this court has no authority to alter its provisions. If, by reason of the provision and practices regard-

ing length of terms of court in Alaska, the law allows an undue delay, the remedy must be sought in the Legislature.

The section invoked provides: "When a person has been held to answer for a crime, if an indictment be not found against him at the next term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

Until the next term has passed, the defendants' motion is premature. State v. Endsley, 19 Utah, 478, 57 P. 430.

The motion of the defendants to dismiss the prosecution against them is denied.