## COLEMERE v. LAYTON et al.

No. 5194. Decided May 23, 1933. (22 P. [2d] 218)

C. R. *Hollingsworth*, of Ogden, for appellant.

*Hammond & Thatcher*, of Bountiful, and *Bagley, Judd & Ray*, of Salt Lake City, for respondents.

MOFFAT, Justice.

This is a claim and delivery action involving certain cattle. The case was tried to the court without a jury upon the issue of ownership between the plaintiff and the defendants Layton. Upon stipulation the action was dismissed with pre-

judice as to the defendants Thornley. Judgment was for the defendants, and plaintiff appeals.

Three errors are assigned: (1) That the findings are erroneous; (2) that the conclusion of law is not supported by the findings of fact; and (3) that the judgment is contrary to and is not supported by the evidence.

This case is a law case. We may not weigh the evidence. The only matter we may consider is whether or not there is sufficient competent evidence to support the finding made by the court, substantially the finding is negative, and positive evidence sufficient to sustain the burden of proof must be found before the judgment may be disturbed.

The finding made by the court and complained of by appellant is that the court erred, "wherein it found that the defendant, Leo Layton, is the owner of and entitled to the possession of the cattle described in the complaint of the plaintiff herein, and *that the plaintiff has no right, title, interest or claim in or to said cattle or any of them.*" (Italics added.) The finding is the equivalent of no cause of action.

Plaintiff by her complaint alleges the ownership of and right of immediate possession of "Twenty head of cattle marked with the letters 'G. C.' on the right shoulder." Defendants' answer is a general denial. No affirmative defenses or estoppels are pleaded so the issue *is the* direct one of ownership, the plaintiff having the burden of proof. It therefore follows that if the first assignment of error is well taken the second and third assignments are likewise good; but if the first assignment is not well founded the second and third must in like manner fail.

In a law case the trial judge sitting without a jury serves in two capacities. He finds the facts as a jury would and applies the law; we may not therefore go farther into questions of fact in a law case tried to the court than we could in a law case tried to a jury. The judge

passes exclusively upon the credibility of the witnesses and the weight of the evidence.

In the case of *State of Utah* v. *Endsley*, 19 Utah 478, 57 P. 430, 431, this court said:

"It is also contended that the verdict is contrary to, and is not supported by, the evidence. In answer to this contention it is sufficient to say that there is evidence in the record which tends to connect the defendant with the crime for which he was convicted, and it supports the verdict. This being so, we have no power to determine whether or not, in our judgment, such evidence is sufficient to warrant a conviction. We can only interfere when there is no evidence to support the verdict."

In *Wild* v. *Union Pacific R. R. Co.*, 23 Utah 265, at page 271, 63 P. 886, 887, this court said:

"In action at law the jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence. *Haun* v. *R. G. W. Ry.*, 22 Utah 346, 62 P. 908. And as said by Justice Bartch, in *Whittaker* v. *Ferguson*, 16 Utah 240, 51 P. 980: 'We can therefore, in cases at law, under section 9 of article 8 of the constitution, examine the evidence only so far as may be necessary to determine the questions of law, and have nothing to do with the sufficiency of the evidence to justify the findings or judgment unless there is no proof to support it.' *Anderson* v. *Daly Min. Co.*, 15 Utah 22, 49 P. 126; *Nelson* v. *Southern Pacific Co.*, 15 Utah 325, 49 P. 644; *Mangum* v. *Bullion, Beck & C. Co.*, 15 Utah 534, 50 P. 834; *Linden* v. *Anchor Min. Co.*, 20 Utah 134, 148, 58 P. 355."

The limitations could scarcely be more closely drawn upon a matter than were drawn by Mr. Justice Thurman in the case of *Sutton* v. *Otis Elevator Co.*, 68 Utah 85, at page 105, 249 P. 437, at page 443, where it is said:

"It is of no consequence what our opinion may be as to the facts. If there is substantial evidence to sustain the verdict, this court is powerless to set it aside."

Citation of additional cases is not necessary.

In view of what has been said it would serve no good purpose to review the evidence. A general statement must suffice. We have read and re-read the transcript of the evidence, and, after having done so, we

are forced to agree with the trial court that the question is largely one of credibility.

The gross of plaintiff's testimony if believed would no doubt support a judgment for her had the court so found. The court did not so find. The result is that as to certain matters the court must have refused to believe plaintiff.

There was testimony that might support the conclusion that either Heber Colemere, or the plaintiff was the owner of the cattle at the time Heber Colemere sold them to the defendant Layton. The statement of the trial judge at the close of the trial and in rendering his decision indicates that the court was compelled to weigh the evidence in the light of all the circumstances. The cattle in question were raised upon the farm while being operated by Heber Colemere. They were there fed and cared for by him. Branded by him, ear tagged with his name. Sold by him as his own. In rendering judgment the trial court said:

"When I consider all the facts and circumstances developed during the trial, the fact that the cattle were taken to the farm, and that Mrs. Colemere was absent from the farm a great deal of the time, and the fact that Mr. Heber Colemere seemed to be operating the ranch and delivered these cattle and executed his bill of sale, it is difficult for me to determine where the weight of the evidence is, having in mind the credibility of the witnesses."

The facts and circumstances confronting the trial court as we obtain them from the record are substantially: The plaintiff, Elizabeth Colemere, and the witness, Heber Colemere, are husband and wife. The defendant Leo Layton is a nephew of Heber Colemere. Leo Layton and Heber Colemere are farmers. About 1921 Heber Colemere gave the farm at Kaysville to his wife, Elizabeth Colemere. At a subsequent date Elizabeth Colemere transferred the farm to her daughter Lucile. Mrs. Colemere lived most of the time in Salt Lake City, kept a boarding house. Heber Colemere lived on the farm and looked after it. He had some cattle on the farm admittedly his own. In the spring of 1929 Heber Colemere delivered to the defendant Thornley

about 20 head of cattle to be herded in the mountains during the summer. About September 3, 1929, and before the cattle had been returned from the range, Heber Colemere sold 20 head of cattle in the Thornley herd to Leo Layton, giving a bill of sale therefor and warranting title.

Shortly after Layton obtained possession of the cattle from the Thornley herd, Mrs. Colemere, the plaintiff, asserted the cattle were her personal property and demanded possession. Layton refused. Suit followed. Mrs. Colemere claimed that she purchased the cattle in question with her own money when they were "baby calves," as she called them, from three or four different dairymen in Salt Lake county. Mrs. Colemere claims that the calves were purchased during March, April, and May, 1928, and were taken to the farm at Kaysville; that she fed them and otherwise cared for them; that she lived at Salt Lake City most of the time and kept boarders; that the cattle were kept on the farm till the spring of 1929; that the cattle were branded with her husband's brand, a sort of family heirloom, but that she had had the registration of the brand transferred to her name. The cattle were all ear tagged with tags showing the name of her husband, G. H. Colemere.

G. H. Colemere, her husband, sometimes referred to as Heber Colemere, had some cattle of his own. The testimony shows that he had been buying and raising some calves at about the same time. Heber Colemere testified both ways. When his attention was called to his position if he sold cattle belonging to his wife, he would assert the cattle were his, apparently when he would forget for the moment the question of his own liability he would then testify the cattle belonged to his wife. Both of them were very uncertain about matters. At least two of the cattle, it seems from the evidence, belonged to Heber Colemere. As to whom the other 18 belonged as between Heber Colemere and his wife, taking into consideration all the circumstances, the contradictory and uncertain and in many instances impossible statements made by both Mr. and Mrs. Colemere, we are

impelled to the same position as the trial court, that the question was largely one of credibility.

In view of such statement and after carefully considering the evidence as disclosed in the record we are not disposed to disagree with the trial court. If the trial court had difficulty in determining where the weight of the evidence was, the burden being on plaintiff, furnishes further reason for not interfering with the judgment of the trial court. Viewing the whole record in the light of the circumstances the judgment should be affirmed. Respondents to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.