## STATE v. HARTMAN.

No. 6366.   Decided November 21, 1941.   (119 P. 2d 112.)

Rehearing Denied February 25, 1942.

See 23 C. J. S. Criminal Law, sec. 1384; 32 Am. Jur. 1014.

*F. Henri Henriod* and *T. C. Hanson,* both of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *Zar E. Hayes,* Deputy Atty. Gen., for respondent.

MOFFAT, Chief Justice.

Roy Hartman and Orson Blyle were charged with the crime of grand larceny in an information which read as follows:

"The Defendants, Roy Hartman and Orson Blyle, having been heretofore duly committed to this Court by B. P. Leverich, a committing magistrate of Salt Lake County, State of Utah, to answer to this charge, are accused by Calvin W. Rawlings, District Attorney of the Third Judicial District, State of Utah, by this Information, of the

crime of Grand Larceny, committed as follows, to wit: That the said Roy Hartman and Orson Blyle on the 16th day of May, A. D., 1940, at the County of Salt Lake, State of Utah, stole from the Ward Chapel of the Stratford Corporation of the Church of Jesus Christ of Latter Day Saints, one rug: contrary to the provisions of the Statute of the State of Utah, in such case made and provided, and against the peace and dignity of the State of Utah."

Roy Hartman was found guilty of the crime charged. The charge against Orson Blyle was dismissed because of lack of evidence. After denial by the court of a motion upon the part of Hartman for a new trial and a motion for arrest of judgment, this appeal was taken.

The bases of the appeal are three: (1) The information did not state a public offense, in this, that said information did not state that there was any felonious stealing, taking, carrying, leading or driving away the personal property of another; (2) the refusal of the court to grant appellant's motion for a mistrial during the course of said trial on the occasion of the statement of Ross Hunsaker, State witness, in response to a question asked by the District Attorney, in which said witness stated that he had arrested appellant for the theft of six tires and wheels, matter unconnected with the offense charged in the information; and (3) the refusal of the Court to grant appellant's motion for continuance to obtain the testimony of Mrs. Karpowitz, a State's witness, who absented herself from court without permission of appellant or the court but with that of the District Attorney.

(1) Does the information in the instant case meet the statutory requirements of Section 105-21-8, as amended by Laws 1935, c. 118, which provides, inter alia:

"(1) The information or indictment may charge, and is valid and sufficient if it charges the offense for which the defendant is being prosecuted in one or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute."

The name given to the offense by the statute herein charged is defined in sections 103-36-1, 103-36-3, 103-36-4, Revised Statutes of Utah, 1933, which read, in part:

"Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. * * *"

"Larceny is divided into two degrees, the first of which is termed grand larceny; the second, petit larceny."

"Grand larceny is committed in either of the following cases: (1) When the property taken is of a value exceeding $50."

The complaint met the requirements of subsection (1) (a) of Section 105-21-8, supra, and the name given to the offense as required in Section 103-36-4. *State* v. *Anderson*, 100 Utah 468, 116 P. 2d 398. The information charges the crime of grand larceny. When grand larceny is ■■■■ charged as the crime named in the statute, it is sufficient as indicating the property taken is the property of another. Section 105-21-6; 105-21-8(1) (a); 105-21-42, Chapter 118, Laws of Utah, 1935.

(2) On direct examination Hunsaker, an officer and witness for the state, testified that he saw Hartman "just walking out of the garage." The statement was followed by the District Attorney's question: "What if anything, did you do?" Hunsaker: "Placed him under arrest for the theft of six tires and wheels."

Counsel for the defendant moved for a mis-trial, and the court ruled:

"I am not going to grant the motion for a new [sic] trial, although statements of that kind do sometimes lead to the requirement that the court declare a mis-trial, and start the trial over.

"I am going to admonish the jury, however, that they are to disregard the statement made by the officer, which is the subject here of the discussion, that is, that he placed Mr. Hartman under arrest for the theft of six tires. That is incompetent evidence. If it was made to appear that that evidence would be brought out, the court would most certainly exclude it. I am giving you this admonition knowing that the fact the statement was made may create in your minds some factor which you can take into consideration when you

come to judge the bias of this witness. It is something that frequently happens in court, where officers are concerned."

The question was not subject to objection. The last part of the answer, "for the theft of six tires and wheels," was a voluntary statement which was not responsive and should not have been made. But there is nothing in the record to show that the interrogator intended to elicit this statement. Were it shown to be an attempt to get in evidence the prejudicial reference to another crime, such purpose might well have moved the court to declare a mistrial not only on the ground of prejudice but as a proper expression of strong disapproval of such tactics. *State v. Leek*, 85 Utah 531, 39 P. 2d 1091. The court admonished the jury to disregard the statement and further stated that "the fact the statement was made may create in your minds some factor of which you can take into consideration when you come to judge the bias of this witness."
The court did all it could to rectify the matter. The harm done was not sufficient to cause the granting of a mistrial.

(3) Mrs. Karpowitz was properly subpoenaed as a witness for the state. She testified for the state, and after she had completed her testimony she was excused by the District Attorney without the knowledge of the court or the consent of the defendant. The defense called for her as a witness. It was determined that she had left the court room, but the court ordered the District Attorney to bring her back stating:

"If he [defense counsel] wants her testimony, he is entitled to have her."

After a twenty-five minute recess, the court called court again and stated:

"I don't suppose you are [ready to proceed] Mr. Henriod, your witness not being here, but I am going on with this case, regardless of the consequences. I am not going to hold this jury here all day, and possibly not get this witness at all. You may make your record on it, but I am not going to delay any further."

In view of Section 104-49-19, Revised Statutes of Utah, 1933, Mrs. Karpowitz should have remained unless excused by the Court. The Section reads:

"A witness served with a subpoena must attend at the time appointed, with any papers under his control required by the subpoena, and answer all pertinent and legal questions; and, unless sooner discharged [by the court], *must remain until the testimony is closed.*" Brackets and italics added.

At the close of the testimony for the state, counsel for Blyle moved the court to dismiss the charge against Blyle upon the grounds there was no evidence to support the indictment. The motion was granted by the court. Counsel for the defendant requested the court to order Blyle to remain and to testify as a witness in this action. The court answered the request thusly:

"I can't require him. He is as free a man as you, the District Attorney or myself now. You might talk with him. He might be willing to remain for you. You may proceed."

The court could and should have ordered Blyle to remain as a witness upon request of counsel for defendant.

"A person present in court, or before a judicial officer, may be required to testify in the same manner as if he were in attendance upon a subpoena issued by such court or officer." Revised Statutes of Utah, 1933, Section 104-49-11.

Subpoenas were issued, diligent search was made by the county sheriff's office and the return stated that they were unable to locate Blyle.

The following then transpired, out of the hearing of the jury:

"Comes now the defendant, Roy Hartman, and requests a continuance for the purpose of obtaining the witness, Orson Blyle, who was subpoenaed by the defendant, Roy Hartman, the subpoena having been returned showing that said Orson Blyle could not be found; and also for the purpose of obtaining Mrs. Karpowitz, a witness in this cause

for the State of Utah, who has not been excused from services as a witness, and who cannot be found; and the defendant makes this motion for a continuance on the ground that failure to use these witnesses will prejudice the defense of said defendant, and counsel believes that it is necessary that these witnesses be obtained for the proper defense of said Roy Hartman.

"Could the record also show you talked to neither one of them as to what testimony they will give?

"Yes, the record will show counsel for the defendant has talked to neither one of these witnesses, except Orson Blyle about three months ago.

"Motion denied."

The granting of a continuance in a criminal case is discretionary with the court, and its refusal to grant a continuance is not reversible error unless clearly prejudicial. *State* v. *Wiilliams*, 49 Utah 320, 163 P. 1104; *State* v. *Fairclough*, 86 Utah 326, 44 P. 2d 692; *State* v. *Freshwater*, 30 Utah 442, 85 P. 447, 116 Am. St. Rep. 853. In the Freshwater case, the diligence one must exercise is, in part, set forth. However, in the instant case, due diligence need not be shown as the witnesses sought were already subject to the jurisdiction of the court when they were requested to testify.

Section 105-30-1, Revised Statutes of Utah 1933, provides:

"When an action is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party by affidavit, direct the trial to be postponed to another day of the same or of the next term. But the court shall not postpone the trial for a longer time than may be necessary."

In the case at bar no affidavit was made, oral statements were given in open court, but the court ruled:

"When you seek a continuance because you haven't got a witness here, it is necessary that the court pass upon the materiality of his testimony. The testimony must be material, there must be some showing of that kind."

Counsel for the defendant seems to stand upon other grounds than those given by the statute. The defendant

based his rights for a continuance upon the grounds that the court had inherent power to compel those within its presence to testify upon order of the court. That after a subpoenaed witness has appeared it is not the responsibility of the defense to see that the witness remains but is the duty of the court. That the defendant had the right to call anyone as a witness who had appeared as a witness and who had not been released by the court.

Be this as it may, we are of the opinion, no showing having been made as to the materiality of the testimony of the claimed witnesses, who were absent, and no showing having been made by affidavit of either materiality or due dilgence, it was not error to deny a continuance.

Judgment affirmed.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.