319 P.2d 134

The STATE of Utah, Plaintiff and Respondent,

v.

Chester MATHIS, Defendant and Appellant.

No. 8735.

Supreme Court of Utah.

Dec. 9, 1957.

D. H. Oliver, Salt Lake City, for appellant.

E. R. Callister, Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., for respondent.

CROCKETT, Justice.

Chester Mathis was convicted of the crime of assault with intent to commit rape in the District Court of Salt Lake County and was sentenced to serve a term in the Utah State Prison.

On this appeal the only significant point presented is defendant's contention that he was not given a speedy trial as guaranteed under the Constitution and the laws of this state.[1]

The facts out of which this contention arises are: After being bound over to the district court to answer the charge on preliminary hearing, he was arraigned on May 17, 1957. He entered a plea of not guilty and trial was tentatively set for June 11. Thereafter on May 21, the trial date was moved up to June 5 and the parties were notified of this change, pursuant to the rules of court. Accordingly on June 5 at 10 a. m. defendant and his counsel appeared in court ready for trial. At that time the District Attorney advised the court that subpoenas had been issued the previous day, June 4, for the State's witnesses, but they were unable to serve the prosecutrix because she was on a vacation in Yellowstone Park, Wyoming, and consequently asked for a continuance for a few days. Defense counsel made a general objection to the motion for continuance which was overruled and the motion was granted.

The defendant remained in jail for thirteen days until June 18, when the case

---

1. Sec. 12, Art. I, Utah Const: "* * * the accused shall have the right * * * to have a speedy public trial by an impartial jury * * *."; See also Sec. 77–1–8(6), U.C.A.1953.

came on for trial. At that time his counsel objected to the impaneling of the jury; to the taking of testimony; and after the jury's verdict had been returned, moved in arrest of judgment. These were all stated generally and were based upon the proposition that he had not been afforded a speedy trial.

■ Defendant's insistence that he was entitled to have the trial proceed on the date set or have the charge dismissed is based primarily upon his contention that the trial court should not have ordered a continuance because there was no such motion properly before it. In support thereof he points to the wording of Sec. 77–29–1, U.C.A.1953, dealing with postponement of criminal trials which provides, "The court may, upon sufficient cause shown by either party by affidavit, direct the trial to be postponed to another day of the same or of the next term," as may be necessary. In his argument that this statute was not complied with he makes two points: (1) that no affidavit was filed, and (2) that there was no showing that the testimony of the absent witness was material.[2]

The fact that the motion for continuance and the statements in support thereof were made by the district attorney orally instead of in writing and by affidavit goes to the form and not to the substance of the matter. Insofar as it appears from the record, the district attorney was not aware of the absence of the witness until the morning of trial and thus had little opportunity to proceed formally. Conclusive against the defendant on this matter of form is the fact that he did not at that time, nor at any time until on this appeal, specifically state an objection to the state's failure to file an affidavit in accordance with 77–29–1, U.C.A.1953. Had he done so, the objection could have been met, but having failed to object specifically, he cannot now rely upon that objection which goes only to the technical form of procedure.

■ Defendant further asserts that, regardless of the form of procedure, there was no sufficient showing made to justify extending the trial date. This leads us to the merits of the contention raised and requires consideration of Sec. 77–51–1, U.C.A.1953, which deals with the subject of:

*"Dismissal for failure to prosecute.* —The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"(1) When a person has been held to answer for a public offense, if an information is not filed nor an indictment found against him at the next term of the court at which he is held to answer.

2. The necessity for which is indicated by the holding of this court in State v. Hartman, 101 Utah 298, 119 P.2d 112.

"(2) If the defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the information or indictment is triable after it is filed or found."

The above time limitations within which, unless good cause to the contrary is shown, the information must be filed and the accused brought to trial, are the legislative implementation of the constitutional guarantee of speedy trial aimed at the prevention of undue delays in criminal proceedings. Since the information in this case was filed on May 16, and the trial was held on June 18, both were within the April term of court and thus there was no transgression of the limitation in the statute just recited.

▇▇▇ We are in accord with the idea that the statutory limitations discussed above are maximums and that anyone accused of a crime, especially one incarcerated awaiting trial, is entitled under our law to have his case tried with all possible dispatch, if he so desires.[3] It is significant that in this case there is no indication that the defendant was in any particular hurry to go to trial until the morning of June 5, when he learned that the victim of the offense was not available as a witness. His sudden interest in hurrying up the proceedings is easy to understand but is not so easy to reconcile with the purpose of the court, which is to see that both sides have a fair opportunity to present all of the material facts, to the end that justice be done.

Defendant's criticism of the district attorney's office for not earlier notifying the witness of the trial date, and for not issuing a subpoena until the day preceding the trial, when they had at least ten days prior notice of the trial date in which to do so, may not be without some justification. But assuming there was dereliction on the part of the prosecution, reprisal therefor should not distort the process of justice and would not warrant the court in forcing the state to trial without the testimony of the prosecutrix.

"Speedy trial" as used in our Constitution and statutes is necessarily a somewhat flexible term. It must be interpreted and applied in accordance with the practical exigencies to be encountered in the handling of the business of the courts. Desirable as it may be to accommodate those accused of crime with expeditious procedures, which the courts are usually anxious to do, a defendant cannot demand the impossible, nor should he be permitted to take advantage of an adverse situation and insist that the charge against him be dismissed because of the unexpected absence of a key witness, when it appears that the witness would be available within a reason-

---

3. See State v. Endsley, 19 Utah 478, 57 P. 430; State v. Rutledge, 63 Utah 546, 227 P. 479; 77-28-3, U.C.A.1953.

able time. It would be high handed and severe to refuse a continuance to either side caught in such circumstances.

The law is, or at least those who devote their lives to it like to think it is, the embodiment of reason and good sense. The duty of the court in administering justice carries deeper responsibilities than presiding over a game of tricks. This would be the result of arbitrarily dismissing an action when one counsel finds himself in a position of disadvantage because of the unexpected absence of an important witness. Experience teaches that in the arranging of trials and the marshalling of witnesses, sometimes either the prosecution or the defense may inadvertently find itself unable safely to proceed to trial. While diligence in preparation should be insisted upon, the courts necessarily must be somewhat indulgent of perplexing situations which arise, to the end that both sides have a fair opportunity to present their respective cases.

■ The request for continuance is addressed to the sound discretion of the trial court and unless there is plain abuse its ruling will not be disturbed.[4] Where there is some reasonable basis for the request it should not be denied merely because it may work some inconvenience to the other party. In absence of any indication of lack of good faith or of diligence on the part of the state which resulted in a substantial infringement upon the defendant's rights or in some manner prevented or impaired his ability to defend, the granting of the continuance was well within the trial court's discretion, and a contrary ruling would have been an abuse thereof.

■ In regard to the materiality of the testimony of the witness in question, it seems too obvious for comment that the prosecutrix, as the victim of the offense of the nature here charged, would be a material witness without which the state could not safely proceed to trial.[5]

Affirmed.

McDONOUGH, C. J., and WADE, J., concur.

HENROID, Justice (concurring).

I concur in the result. However, I would like someone to point out how this case can be squared with State v. Hartman, 101 Utah 298, 119 P.2d 112, heretofore decided by this court.

WORTHEN, Justice (dissenting).

I dissent being of the opinion that under the facts of this case the defendant was denied his constitutional right to a speedy trial. In my opinion we beg the question when we conclude that if a defendant has not been injured by such denial he may not

4. State v. Fairclough, 86 Utah 326, 44 P. 2d 692.

5. See State v. Ferry, 2 Utah 2d 371, 275 P.2d 173.

complain. Probably the result would not have been different in this case had the court refused to appoint counsel to defend, but still the defendant would have been denied his constitutional right to counsel.

A review of the cases involving this point indicates that this court has protected defendants by guaranteeing a speedy trial only when defendants sought a continuance.[1]

The majority opinion suggests that the provisions of Section 77–51–1, U.C.A. 1953 "are the legislative implementation of the constitutional guarantee of a speedy trial aimed at the prevention of undue delay in criminal proceedings." I am unable to concede that every defendant whose rights are not violated by the State's compliance with the above-mentioned section has been secured his constitutional guarantee of a speedy trial. Nor can I concede that the protection of a defendant in his guaranteed constitutional rights is the business of the legislature. It remains for the judiciary to declare if and when those rights have been violated.

It is stated in the majority opinion that there is no indication that the defendant was in any particular hurry to go to trial until the morning of June 5, when he learned that the victim of the offense was not available as a witness. This statement is absolutely unwarranted from the record. Defendant did not object when the trial date was advanced from June 11th to June 5th.

Section 77–51–1 contains the provision that the court need not give· a defendant the protection of that section if good cause is shown why the prosecution should not be dismissed.

The majority opinion states, "In the absence of any indication of lack of good faith or of *diligence* on the part of the state which resulted in a substantial infringement upon the defendant's rights or in some manner prevented or impaired his ability to defend, the granting of the continuance was well within the trial court's discretion, and a contrary ruling would have been an arbitrary abuse thereof." It cannot be gainsaid that there was not due diligence on the part of the State. The district attorney's office knew on May·21, fourteen days before the subpoena was issued, of the new date for trial. No criticism can be made against the prosecuting witness. The record does not indicate that she would not have been available for June 11, the date originally set. I am unwilling to extend plaudits to the prosecuting officers for failing to notify the principal witness as soon as a change of trial date occurred. There is no indication that the prosecution had concerned itself at all in

1. See State v. Freshwater, 30 Utah 442, 85 P. 447; State v. Hartman, 101 Utah 298, 119 P.2d 112; State v. Fairclough, 86 Utah 326, 44 P.2d 692.

seeing that its witnesses would be available. That office was not taken by any surprise, nor had the witness so far as the record discloses given the prosecution assurance that she would be available on June 5th. Such lack of concern for defendant, his counsel appointed by the court and witnesses, and for the work of the court calls for no orchids.

In 22 C.J.S. Criminal Law § 486, page 755, under title "Elements necessary to warrant continuance," it is stated, * * * "Thus, it has been held that the court must be satisfied, * * * that the party applying for it has been guilty of no neglect or laches in endeavoring to procure the attendance of the witness * * *."

Certainly there was no warrant for the court to grant a continuance—the prosecution had shown no diligence and the request for the same was unwarranted.

The defendant's right to a speedy trial should not have been infringed upon by granting the continuance.

In my opinion the question as to whether the defendant's right to a speedy trial has been denied must depend upon circumstances. In this case, if the prosecuting witness had been subpoenaed in ample time but was too ill to appear on the 5th, then a balancing of equities would have warranted the court in granting the continuance. But to grant it under the facts here presented was an abuse of discretion and a denial to defendant of his right to a speedy trial.