STATE of Utah, Plaintiff and Respondent,

v.

Ruben R. TRUJILLO, Defendant and Appellant.

Nos. 17987, 17988.

Supreme Court of Utah.

Oct. 1, 1982.

Jo Carol Nesset-Sale, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals convictions of escape[1] and aggravated robbery,[2] contending that his rights to a speedy trial under U.C.A., 1953, § 77–29–1 were violated.

Although the record is sparce, the basic facts appear to be as follows. Defendant and one Smith jointly were charged with escape from the Utah State Prison and aggravated robbery of a Salt Lake City grocery store. Defendant was arraigned on March 20, 1981, and he pleaded not guilty. Trial on the aggravated robbery charge was set for June 1, 1981, and trial on the escape charge was set for June 11, 1981. Smith was arraigned on April 3, 1981, and he also pleaded not guilty. Smith was to be jointly tried with defendant. On April 9, 1981, defendant allegedly served on the prison warden a written request for disposition of all matters pending against him, pursuant to U.C.A., 1953, § 77–29–1. The county attorney apparently received notice thereof on April 20, 1981.

Smith entered into plea negotiations and it was expected that at trial he would plead guilty. On the date set for trial of the aggravated robbery charge (June 1), Smith notified the court that he had decided not to plead guilty and that he would like to go to trial. The court apparently continued the cases, and trial was later set for August 10, 1981. On July 20, 1981, defendant's counsel moved "for a continuance of the trial ... set for August 10, 1981." The court continued the case until November 24, 1981, "[b]ased upon the motion of counsel and good cause appearing." This order was vacated when on July 23, 1981, defendant personally wrote a letter to the judge, objecting to the continuance, and trial was

reset for August 10, 1981. Defendant contends that the time lapse from April 9 until August 10[3] was more than 120 days and that his motion to dismiss the charges against him under U.C.A., 1953, § 77–29–1 was erroneously denied.

⬛⬛⬛ The parties disagree as to when the 120-day period commences to run (i.e., at the time the "written request" was allegedly served on the warden or at the time the county attorney was notified thereof). There is nothing in the record to show the contents of the purported notice, by whom or how it was served, or even when or upon whom it was served.[4] Assuming, *arguendo,* that notice was sent as alleged and that 120 days had expired by August 10, nevertheless, this appeal fails because of the discretion vested in the trial court in such matters.[5]

U.C.A., 1953, § 77–29–1(4) provides as follows:

In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court shall review the proceeding. *If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.* [Emphasis added.]

In *State v. Velasquez,* Utah, 641 P.2d 115 (1982), we held that the purpose of the predecessor of this statute was to protect the constitutional right of prisoners to a speedy trial and to prevent those charged with enforcement of criminal statutes from holding over the head of a prisoner undisposed charges against him. (Quoting *State*

---

1. A second degree felony in violation of U.C.A., 1953, § 76–8–309.

2. A first degree felony in violation of U.C.A., 1953, § 76–6–302.

3. Although the trials were actually conducted on August 18 and 19 (due to a mistrial on August 10), defendant's contention that he has

been denied a speedy trial is based solely on the fact that the trial dates were continued to August 10.

4. We are generally precluded from addressing matters outside the record before us.

5. See *State v. Mathis,* 7 Utah 2d 100, 319 P.2d 134 (1957).

*v. Wilson,* 22 Utah 2d 361, 453 P.2d 158 (1969)). In the instant case, the delay did not result from the prosecution's actions or inactions and, in any event, the delay was reasonable.

Trial was originally set for June 1, and was continued only because of the complication resulting from the co-defendant Smith's change of plea at the last minute. At defendant's trial on the aggravated robbery charge, the judge reviewed the unclear record and said the delays were probably caused when the cases of defendant and his co-defendant were consolidated and the co-defendant suddenly changed his plea on the day of trial. The court then made the following statement:

> In other words, they may have called a jury or indicated they were going to call a jury, if enough persons, to enter the one defendant on the theory that the other defendant was going to plead. When he changes his mind, you have to have more jurors, you get notice right then the morning of the trial, and you can't scrounge up those additional jurors at that time so you have to continue the cases and both consolidated, and that could easily have been the trial that was not properly documented but occurred. In my judgment that's likely what did occur on that day.

Likewise, at defendant's trial on the escape charge, the court stated as follows:

> In view of the fact that the matter was continued to August 10th and there apparently being no objection to that continuance,
>
>     \*    \*    \*    \*    \*    \*
>
> I think that we have accomplished what, in effect, has been a speedy trial for him, even though there has been a delay of about eight days.
>
>     \*    \*    \*    \*    \*    \*
>
> The Court finds that there is good cause for the matter to be continued, and that the matter is being tried as rapidly as it can be under the circumstances.

On the facts presented, the trial court did not abuse its discretion in finding that there was "good cause" that the matter was not heard within the time designated.

Affirmed.